OAKLAND HEIGHTS MOBILE PARK, INC. *v.*
JAMES SIMON
(14580)

O'Connell, Landau and Schaller, Js.

Submitted on briefs November 6—decision released December 26, 1995

*James Simon*, pro se, the appellant (defendant), filed a brief.

*Edward E. Moukawsher* filed a brief for the appellee (plaintiff).

O'CONNELL, J. In this summary process action, the defendant appeals from the postjudgment denial of his application for a writ of audita querela.[1] The defendant claims that the trial court improperly denied his writ of audita querela because (1) the trial court clerk failed to inform him of the Appellate Court's decision, and (2) the trial court improperly refused to hear the defendant's equitable defenses arising out of potential damage to his mobile home if moved from the plaintiff's lot. We affirm the judgment of the trial court.

The record discloses the following facts. On February 8, 1993, the plaintiff commenced this summary process action against the defendant for nonpayment of rent for a lot in the plaintiff's mobile home park. The defendant

---

[1] Audita querela is a common law writ that may be granted when a defense to a judgment arises for the first time after the judgment has been rendered.

asserted a special defense that he had made several attempts to pay the arrearage but the plaintiff had refused those payments.

The trial court rendered judgment for the defendant on May 5, 1993. The plaintiff appealed and this court reversed the judgment and remanded the case with direction to render judgment for the plaintiff on the grounds that the defendant had not properly raised the equitable defense of relief from forfeiture and that the trial court had improperly found that the defendant had cured the arrearage. *Oakland Heights Mobile Park, Inc.* v. *Simon*, 36 Conn. App. 432, 651 A.2d 281 (1994). The defendant did not seek further appellate relief.

At the plaintiff's request, the trial court issued a summary process execution on January 18, 1995. The defendant applied for a writ of audita querela on January 23, 1995, and, following the trial court's denial of the writ, the defendant appealed to this court.

Audita querela is a remedy granted in favor of one against whom execution has issued on a judgment, the enforcement of which would be contrary to justice because of (1) matters arising subsequent to its rendition, or (2) prior existing defenses that were not available to the judgment debtor in the original action, or (3) the judgment creditor's fraudulent conduct or circumstances over which the judgment debtor had no control. Ballentine's Law Dictionary (3d Ed. 1969).

The defendant first claims that the trial court did not issue proper notice of the Appellate Court's decision. The defendant incorrectly relies on General Statutes § 47a-26h (b), which requires the trial court clerk to issue notice to defendants upon the entry of summary process judgments. Nothing in that statute, however, indicates that it is intended to apply to decisions of the Appellate Court.

The rule for judgments following appeal is set forth in General Statutes § 51-213. It provides in pertinent part: "Unless otherwise ordered by the court, official notification to counsel of record shall be by publication of the opinion in the Connecticut Law Journal." See also Practice Book § 4120 (a) (notice shall be by publication in the Connecticut Law Journal).[2] Because there is no requirement that the appellate clerk directly notify the parties of an appellate decision, the trial court properly denied the defendant's writ of audita querela on the first claim.

In his second claim, the defendant attempts to introduce an equitable defense that his mobile home may suffer damage if removed from the plaintiff's lot. A writ of audita querela is " ' a writ issued to afford a remedy to a defendant against whom judgment had been rendered, but who had new matter in defense . . . arising, or at least raisable for the first time, after judgment.' " *Ames* v. *Sears, Roebuck & Co.*, 206 Conn. 16, 20, 536 A.2d 563 (1988), quoting A. Leff, "The Leff Dictionary of Law: A Fragment," 94 Yale L.J. 1855, 2101 (1985). Because the defendant could have raised his potential damage claim as a defense during the summary process action, he does not qualify for a remedy now under the writ of audita querela. *Ames* v. *Sears, Roebuck & Co.*, supra, 20.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[2] Although the defendant has appeared pro se, "[s]uch a litigant is bound by the same rules of evidence and procedure as those qualified to practice law." *Cersosimo* v. *Cersosimo*, 188 Conn. 385, 394, 449 A.2d 1026 (1982).