[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On March 19, 1997, the plaintiff commenced a foreclosure action against the defendant, Surrells, the first mortgagee First National Bank of Boston, and others for her failure to pay CT Page 8451 certain common charges in the amount of $1001.80. The complaint was properly served on the defendant, Surrells, but she failed to file an appearance. On April 22, 1997, the plaintiff obtained a default judgment against the defendants for their failure to appear.[1] On May 5, 1997, the plaintiff's motion for judgment of strict foreclosure appeared on the calendar and was heard. The defendant, Surrells, did not appear but did receive a call from plaintiffs counsel indicating to her that the matter was going forward and that she "better get down here." She indicated that she wished a continuance but received no assurances from plaintiff's counsel. During the call of the foreclosure calendar, the court (Rittenband, J.) indicated that he may have a conflict of interest and therefore requested counsel for the plaintiff to attempt to contact the defendant and inquire whether the defendant wished the matter to proceed or whether the defendant wished the judge to recuse himself. In accordance with the court's direction, plaintiff's counsel again contacted the defendant, at her place of employment, to determine her position on the matter. The defendant Surrells refused to allow the judge to hear the matter and so advised plaintiffs counsel. The defendant was unclear in her testimony as to whether she specifically asked plaintiffs counsel to request a continuance but she felt that one would result. This, in all likelihood, was based on the fact that she believed that the matter would not go forward due to the disqualification. Rather than be marked "off", the matter was referred to another judge and proceeded to judgment on May 5, 1997. Counsel for the plaintiff did not advise the judge, to whom the matter was referred, as to the history of the communications with the defendant Surrells. At the foreclosure hearing the property was found to have a fair market value of $60,000. with a priority debt that was being foreclosed of $1137.30. A law day was set for the equity of redemption for June 9, 1997 with title to the property vesting in the plaintiff on June 12, 1997. The defendant subsequently was hospitalized at the Institute of Living in Hartford although the dates of her hospitalization are not clear from the testimony. On July 1, 1997, the defendant filed an appearance and a Motion to Reopen the judgment. On August 21, 1997, counsel appeared for the defendant Surrells. This court held a hearing on the defendant Surrells's Motion to Reopen dated July 1, 1997 and counsel's Motion for Writ of Audita Querella which was filed during the course of the hearing on August 22, 1997.
The common law writ of audita querela may issue in favor of a defendant when the enforcement of a judgement would be contrary CT Page 8452 to justice "because of (1) matters arising subsequent to its rendition, or (2) prior existing defenses that were not available to the judgement debtor in the original action, or (3) the judgement creditor's fraudulent conduct or circumstances over which the judgement debtor had no control. Ballentine's Law Dictionary (3rd Ed. 1969)." Oakland Heights Mobile Park, Inc. v.Simon, 40 Conn. App. 32. "Because the writ impairs the finality of judgments, the common law precluded its use in cases in which the judgment debtor sought to rely on a defense such as payment or a release that he had the opportunity to raise before the entry of the judgment against him." Wintle v. Wright, 151 Me. 212,213-14, 117 A.2d 737 (1955).
The facts presented to the court do not meet the requirements of the first two of the three situations set out in the OaklandHeights case, supra. The defendant has not shown that any prior existing defense to the action exists that was not available to the defendant at the time of judgment or that, in fact, any defense to the claim of foreclosure existed. As to the second basis for issuing such a writ the defendant cannot show that the matters complained of occurred subsequently to the entry of the judgment. Thus the court must, in order to grant this writ, find that the conduct of the plaintiff or its counsel constituted fraudulent conduct or circumstances over which the defendant Surrells had no control in order to properly issue the writ requested. The court must decline to issue the writ under the circumstances presented in this matter. The testimony of the defendant was neither clear nor convincing with respect to the alleged commitment by plaintiff's counsel to advise the court that she was seeking a continuance. During the first conversation she was advised that she had "better get down here" by plaintiff's counsel. During her second conversation with plaintiffs counsel she did not ask for a continuance but rather assumed that she would be receiving one. That assumption was unjustified. Shortly after the judgment had entered, the defendant Surrells called the clerk's office to determine if she in fact received the continuance but claims she was unable to get through. She never followed up any further. While the plaintiff may revel in the potential windfall that they may receive to the detriment of the defendant, under all the circumstances, the actions of plaintiff's counsel did not rise to the level of fraudulent conduct or conduct that was beyond the control of the defendant.
In light of the facts set forth herein and despite the CT Page 8453 hardship that the plaintiff seeks to work on the defendant the court finds that the requisite basis for issuing the writ does not exist. The defendant's Motion for Writ of Audita Querela dated August 22, 1997 is denied.
The defendant's Motion to Reopen dated July 1, 1997 is also denied (See General Statutes § 49-15). The stay of execution entered on August 22, 1997 is dissolved.
Zarella, J.