[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON MOTION FOR STAY
This is a foreclosure action in which judgment has entered, title has vested in the plaintiff, and the plaintiff has received an execution of ejectment. The defendants have requested a stay of execution until September 30, 1999.
Counsel for the defendants entered an appearance and filed an eleventh hour motion for a stay. Because the motion was heard on the short calendar of July 15, 1999, and the ejectment was scheduled to take place on Monday, July 19, 1999. I entered a stay of execution for a short period of time in order to consider the matter in a meaningful way.
The facts as represented by counsel for the defendants present a tale of considerable woe. The defendants bought the CT Page 9425 house, and provided a mortgage, in approximately 1993. Payments were made until the defendant Charles Turner had a heart attack, at which point the defendants fell behind. The defendants contracted with an entity called Donovan Associates, which apparently told the Turners that it would make all the arrangements with the bank, in return for monetary considerations, and told the Turners to disregard notices from the bank. The bank proceeded with the foreclosure action, which proceeded without opposition, and title vested in the plaintiff bank on January 28, 1999. Meanwhile, Donovan Associates apparently took the money and ran. The bank received one execution of ejectment from the court on February 18, 1999; this execution was returned on May 24, 1999, and a second execution was issued. Apparently, the Turners were involved in bankruptcy and it took some time to receive permission from the bankruptcy court to proceed with the ejectment. As noted above, ejectment was scheduled for July 19, 1999. The instant motion for a stay was filed on July 14, 1999.
There was no suggestion that the plaintiff bank participated in any way in the apparently nefarious doings of Donovan Associates. Indeed, the bank has simply proceeded with a superficially routine foreclosure action. The defendants requested the stay to arrange for time to buy the property and have offered to pay a reasonable amount for use and occupancy of the premises in the meantime. The attorney for the bank, on the other hand, stated unequivocally that the bank was not interested in selling to the Turners or to relatives of the Turners; the attorney for the defendants acknowledged that she could think of no way to compel the bank to sell the premises to a particular party.
The bank claims that this court has no jurisdiction of the motion for the stay because, pursuant to § 49-15 of the General Statutes, the judgment, having resulted in title vesting in the bank, may not be reopened. This is so, but the defendants are not asking for the judgment to be opened. Rather, they are asking for an equitable stay.
Similarly, this is not a writ of audits querela, which is a remedy granted to one against whom execution has issued, the enforcement of which would be contrary to justice because of (1) matters arising subsequent to the rendition of the judgment; (2) previously existing defenses which were not available at the time of the original judgment, or (3) fraud on the part of the CT Page 9426 judgment creditor, or circumstances over which the judgment debtor had no control. Oakland Heights Mobile Park, Inc. v.Simon, 40 Conn. App. 30, 32 (1995); see also Anthony Julian RRConstruction Co. v. Mary Ellen Drive Assoc., 50 Conn. App. 289,294 (1998); Ames v. Sears Roebuck Co., 206 Conn. 16, 20-22
(1988). If there is no defense so affecting the judgment, and no fraud by the creditor nor circumstances beyond the control of the defendant affecting the judgment, then the writ may not be granted. Ellington Ridge Condominium Ass'n. v. Surrells, CV97-63402 (J.D. Tolland, September 24, 1997) (Zarella, J.).
Even if a writ is not appropriate and the judgment may not be opened, the court has equitable jurisdiction to grant a stay, if the circumstances are appropriate. See, e.g., Pleasant ValleyMobile Home Park v. Harl, CV10-96-12806 (May 14, 1997) (Purtill, J.). Such an inquiry involves a balancing of the hardships between the parties. Cf. Fellows v. Martin, 217 Conn. 57, 63
n. 9 (1991).
The facts, as represented by the attorney for the defendants, indeed create a sympathetic picture. Realistically, however, the situation here is different only in detail from that underlying many foreclosures: if all were well, there presumably would be no need for foreclosure. The defendants have already had the benefit of the automatic stay attendant to bankruptcy proceedings, and there is no guarantee that a further stay would accomplish its stated purpose. On the other hand, the plaintiff bank stated no particular need for immediate possession, such as an imminent sale, and the defendants may require some time to relocate. In the circumstances, they may have only recently realized that the foreclosure was serious. I do not think it would be fair to the bank to extend the time through September 30, 1999, because the bank has done nothing wrong.
The time was already extended for several weeks to accommodate this decision. In balancing the interests of the parties, I will extend the time during which the execution may not be enforced through August 30, 1999, on the condition that the defendants pay to the plaintiff bank the amount of the previously effective mortgage payment, by no later than August 1, 1999.
Beach, J. CT Page 9427