## JESUS RUIZ ET AL. *v.* KEITH GATLING
### (AC 22391)

Foti, Schaller and West, Js.

Submitted on briefs September 16—officially released November 12, 2002

*Jesus Ruiz*, pro se, the appellant (named plaintiff), filed a brief.

*Keith Gatling*, pro se, the appellee (defendant), filed a brief.

*Opinion*

PER CURIAM. The pro se plaintiff Jesus Ruiz[1] appeals from the trial court's judgment denying his petition for a writ of audita querela[2] in which he sought to enjoin the judgment of eviction rendered against him in the underlying summary process action. On appeal, the plaintiff claims that the court improperly failed to hear his claim for a setoff against the amount of rent due

---

[1] Carmen Reyes was a plaintiff in the trial court, but is not a party to this appeal. We therefore refer in this opinion to Jesus Ruiz as the plaintiff.

[2] "A writ of audita querela is a writ issued to afford a remedy to a defendant against whom judgment had been rendered, but who had new matter in defense . . . arising, or at least raisable for the first time, after judgment." (Internal quotation marks omitted.) *Oakland Heights Mobile Park, Inc.* v. *Simon*, 40 Conn. App. 30, 33, 668 A.2d 737 (1995).

the defendant, Keith Gatling.[3] We affirm the judgment of the trial court.

"[I]t is the established policy of the Connecticut courts to be solicitous of pro se litigants and when it does not interfere with the rights of other parties to construe the rules of practice liberally in favor of the pro se party. *Rosato* v. *Rosato*, 53 Conn. App. 387, 390, 731 A.2d 323 (1999). Although we allow pro se litigants some latitude, the right of self-representation provides no attendant license not to comply with relevant rules of procedural and substantive law. *Zanoni* v. *Hudon*, 42 Conn. App 70, 77, 678 A.2d 12 (1996)." (Internal quotation marks omitted.) *Strobel* v. *Strobel*, 64 Conn. App. 614, 617–18, 781 A.2d 356, cert. denied, 258 Conn. 937, 786 A.2d 426 (2001).

"The duty to provide this court with a record adequate for review rests with the appellant. . . . It is incumbent upon the appellant to take the necessary steps to sustain its burden of providing an adequate record for appellate review. Practice Book § [60-5] . . . . It is not the function of this court to find facts. . . . Our role is . . . to review claims based on a complete factual record developed by a trial court. . . . Without the necessary factual and legal conclusions furnished by the trial court . . . any decision made by us respecting [the plaintiff's claims] would be entirely speculative. . . . We have, on occasion, reviewed claims of error in light of an unsigned transcript as long as the transcript contains a sufficiently detailed and concise statement of the trial court's findings." (Citations omitted; internal quotation marks omitted.) Id., 621.

The record contains no memorandum of decision. We, however, have reviewed the unsigned transcript of

---

[3] That is the plaintiff's statement of the issue presented in his brief. As this court concludes, the trial court denied the plaintiff's petition because he was not credible.

the hearing afforded the plaintiff. The court found that the plaintiff was not credible and therefore denied the plaintiff's request to enjoin the eviction. Where the trial court is the arbiter of credibility, this court does not disturb findings made on the basis of the credibility of witnesses. See *Aetna Casualty & Surety Co.* v. *Pizza Connection, Inc.*, 55 Conn. App. 488, 498, 740 A.2d 408 (1999).

The judgment is affirmed.