## GINA RESURRECCION *v.* NORMANDY HEIGHTS, LLC
### (AC 22772)

Foti, Flynn and Dupont, Js.

Argued March 20—officially released May 13, 2003

*Benjamin F. Cardinez*, for the appellant-appellee (plaintiff).

*Deborah L. Bradley*, for the appellee-appellant (defendant).

*Anthony O. Famiglietti*, for the appellee (third party defendant).

FLYNN, J. The plaintiff, Gina Resurreccion, appeals from the judgment of the trial court rendered following its granting of the motion to open the judgment filed by the defendant, Normandy Heights, LLC, after the defendant had been defaulted for failure to appear. The plaintiff claims that the court abused its discretion in granting the motion to open because the defendant did not demonstrate that it had a good defense or that it was prevented from filing the required appearance because of accident, mistake or other reasonable cause. The defendant cross appeals from that portion of the judgment that awarded the plaintiff $3000 as reasonable attorney's fees. It claims that the court's award of attorney's fees was clearly erroneous because there was no evidence introduced as to the fees actually charged by the plaintiff's attorney or whether those fees were reasonable. We affirm the judgment in all respects except for the award of $3000 as reasonable attorney's fees, which we reverse, and we remand the case for an evidentiary hearing.

The court found the following facts, which are not in dispute. The plaintiff entered into a six month written lease whereby she rented an efficiency apartment from the defendant for the monthly fee of $670. The lease term ran from May 1, 1999, through October 31, 1999. The lease specified the terms and conditions under which the landlord may enter the tenant's premises. Additionally, the plaintiff completed a "move-in inspection sheet," which she returned to the defendant. One of the questions on this sheet asked if the defendant could enter the plaintiff's apartment in her absence to perform work. The plaintiff circled "No," thereby directing the defendant that it did not have permission to enter her apartment in her absence. Prior to the start of the lease, the plaintiff requested that the ther-

mopanes on a sliding glass door be replaced because of moisture that could be seen between the panes.

The plaintiff left her apartment on June 13, 1999, for a short trip to New York. Upon returning on June 15, 1999, she could not get into her apartment with her key. She went to the rental officer and retrieved another key, which also failed to gain her access. The property manager, Fatima Walton, then accompanied the plaintiff to her apartment, and they gained access to the apartment with a different key in the possession of Walton. Walton then explained to the plaintiff that the door had been double locked after a window repair company, the third party defendant Window Shop, Inc., replaced the thermopanes on the sliding glass door in her apartment on June 14, 1999. Walton apologized for the unauthorized entry into the plaintiff's apartment and, upon the plaintiff's request, gave her a written letter of apology. Walton requested that the plaintiff conduct an inspection to see if anything was missing, but the plaintiff did not do so at that time. On June 16, 1999, the plaintiff inspected her apartment and alleged that the following items were missing: A Rolex watch valued at $4850; a Tag Heuer watch valued at $250; an electronic organizer; and $450 in cash.

By a complaint dated March 7, 2000, the plaintiff commenced suit against the defendant in four counts: unauthorized entry and harassment in violation of General Statutes § 47a-16 (c) and (d);[1] loss of valuable items; breach of the covenant of quiet enjoyment; and a viola-

---

[1] General Statutes § 47a-16 provides in relevant part: "(c) A landlord shall not abuse the right of entry or use such right of entry to harass the tenant. The landlord shall give the tenant reasonable written or oral notice of his intent to enter and may enter only at reasonable times, except in case of emergency.

"(d) A landlord may not enter the dwelling unit without the consent of the tenant except (1) in case of emergency, (2) as permitted by section 47a-16a, (3) pursuant to a court order, or (4) if the tenant has abandoned or surrendered the premises."

tion of the plaintiff's right to privacy. On June 7, 2000, the court rendered a default judgment in favor of the plaintiff and awarded $12,000 in compensatory damages and $4000 in attorney's fees, plus allowable costs, as per the plaintiff's bill of costs, which she was to submit.

Approximately three weeks later, on June 30, 2000, the defendant filed an appearance, and, on July 19, 2000, it filed a motion to open the default judgment, to which the plaintiff objected. On August 2, 2000, after a hearing, the court granted the defendant's motion to open. The plaintiff then filed a motion to reargue and a request for articulation, which the court denied. On October 4, 2000, the court granted the defendant's motion to implead Window Shop, Inc.

Trial commenced on August 15, 2001, and judgment was rendered for the plaintiff on count one, in the amount of $670, in accordance with General Statutes § 47a-18a,[2] and attorney's fees in the amount of $3000. The defendant also was ordered to pay costs upon the submission of the plaintiff's bill of costs. The defendant prevailed on the remaining counts of the complaint, and the third party defendant prevailed on the third party complaint. This appeal and cross appeal followed.

I

The plaintiff claims that the court improperly, and in abuse of its discretion, granted the defendant's motion to open the default judgment and that the court had no authority to retry the case and to render a new judgment. Specifically, she argues in her brief that the defendant's "motion to open the judgment upon default is defective, in both form and substance, in the following ways: First, the motion was not properly verified in

[2] General Statutes § 47a-18a provides in relevant part: "If the landlord makes an entry prohibited by section 47a-16 or 47a-16a . . . the tenant may recover actual damages not less than an amount equal to one month's rent and reasonable attorney's fees. . . ."

violation of General Statutes § 52-212 (b) . . . second, the defendant's motion shows no reasonable cause for not appearing within the time required; and third, there is no showing that [the] defendant had a 'good defense.' " The defendant argues that we should decline to review this claim on the ground that the plaintiff has not provided an adequate record for review because she did not supply this court with transcripts of the hearings on the motion to open or on the motion for reconsideration and articulation. Additionally, the defendant argues, the plaintiff never filed a motion for articulation pursuant to Practice Book § 66-5 to provide this court with a proper record of the reasons for the trial court's granting of the motion to open the default judgment. We agree that the record is inadequate for review.[3]

In this case, the court orally granted the defendant's motion to open the judgment. The record contains no memorandum of decision, nor does it contain a transcript of the hearing. The plaintiff also failed to provide this court with a transcript of the hearing on her motion for articulation, which also was denied without a memorandum of decision.

Practice Book § 66-7 provides in relevant part: "Any party aggrieved by the action of the trial judge as regards . . . articulation under Section 66-5 may, within ten days of the issuance of notice of the order sought to be reviewed, make a written motion for review to the [appellate] court, to be filed with the appellate clerk, and the court may, upon such a motion, direct any action it deems proper. . . ." Although the defendant

---

[3] We decline to review the plaintiff's claim that the motion was defective in form because it was not raised before the trial court. Practice Book § 60-5 provides in relevant part: "The court shall not be bound to consider a claim unless it was distinctly raised at the trial or arose subsequent to the trial. . . ." See also *Rivera* v. *Double A Transportation, Inc.*, 248 Conn. 21, 33, 727 A.2d 204 (1999) (claims not addressed or decided by trial court are not properly before appellate court).

filed a motion for articulation, which the court denied, the defendant did not seek such a review by the Appellate Court, pursuant to Practice Book § 66-7, of the trial court's denial.

The failure of a plaintiff to follow that procedure was addressed squarely in *Pitchell* v. *Hartford*, 46 Conn. App. 799, 803, 700 A.2d 1386 (1997), rev'd on other grounds, 247 Conn. 422, 722 A.2d 797 (1999). In *Pitchell*, the plaintiff claimed that the trial court improperly granted a motion to open a default judgment and, after filing a motion for articulation of that decision, failed to seek review upon its denial by the trial court. Id. We explained that when a plaintiff fails to seek review of the trial court's denial of a motion for articulation, there is no basis for our reviewing that decision because the plaintiff does not provide us with an adequate record for review. Id.; see Practice Book §§ 60-2, 60-5, 66-5 and 66-7.[4]

---

[4] Practice Book § 60-2 provides in relevant part: "The supervision and control of the proceedings on appeal shall be in the court having appellate jurisdiction from the time the appeal is filed, or earlier, if appropriate, and, except as otherwise provided in these rules, any motion the purpose of which is to complete or perfect the trial court record for presentation on appeal shall be made to the court in which the appeal is pending. The court may, on its own motion or upon motion of any party, modify or vacate any order made by the trial court, or a judge thereof, in relation to the prosecution of the appeal. It may also, for example, on its own motion or upon motion of any party, (1) order a judge to take any action necessary to complete the trial court record for the proper presentation of the appeal . . . ."

Practice Book § 60-5 provides in relevant part: "It is the responsibility of the appellant to provide an adequate record for review as provided in Section 61-10."

Practice Book § 66-5 provides in relevant part: "A motion seeking . . . an articulation . . . of the decision of the trial court shall be called . . . a motion for articulation . . . . Any motion filed pursuant to this section shall state with particularity the relief sought. . . . The trial court may make such corrections or additions as are necessary for the proper presentation of the issues raised or for the proper presentation of questions reserved. The trial judge shall file the decision on the motion with the appellate clerk. . . . The sole remedy of any party desiring the court having appellate jurisdiction to review the trial court's decision on the motion filed pursuant to this section . . . shall be by motion for review under Section 66-7. . . ."

"The duty to provide this court with a record adequate for review rests with the appellant. . . . It is incumbent upon the appellant to take the necessary steps to sustain its burden of providing an adequate record for appellate review [pursuant to Practice Book § 61-10]. . . . It is not the function of this court to find facts. . . . Our role is . . . to review claims based on a complete factual record developed by a trial court. . . . Without the necessary factual and legal conclusions furnished by the trial court . . . any decision made by us respecting [the plaintiff's claims] would be entirely speculative." (Internal quotation marks omitted.) *Ruiz* v. *Gatling*, 73 Conn. App. 574, 575, 808 A.2d 710 (2002); see *Wendover Financial Services Corp.* v. *Connelly*, 61 Conn. App. 244, 247, 763 A.2d 670 (2000).

The record here contains a docket sheet with the notation: "Motion to open judgment granted after hearing," followed by the signature of the court, *Tanzer, J.* There is no memorandum of decision, and the plaintiff has provided no transcript of the hearing. Although a motion for articulation was filed, the court denied that motion. The plaintiff has neither provided us with a transcript of that hearing nor filed a motion for review pursuant to Practice Book § 66-7. The plaintiff, therefore, has failed to satisfy her burden of securing an adequate record for appellate review of an issue presented on appeal. See *Ruiz* v. *Gatling*, supra, 73 Conn. App. 575. Accordingly, we will not speculate as to what evidence, if any, and what arguments of law the trial court may have heard before rendering its decision, and we decline to review the plaintiff's claim.

II

On cross appeal, the defendant claims that the court's award of $3000 in attorney's fees was clearly erroneous. It argues that the court acted improperly because it took no evidence on the issue of attorney's fees and

deprived the defendant of the opportunity to litigate the reasonableness of those fees.

An initial review of our case law on the necessary evidentiary predicate for the award of attorney's fees reveals two lines of cases, those that appear to allow the trial court the discretion to utilize its own knowledge in determining reasonable attorney's fees and those that mandate that some evidence must be presented on the issue. Compare *Barco Auto Leasing Corp.* v. *House*, 202 Conn. 106, 120–21, 520 A.2d 162 (1987) (court may not deny plaintiff undisputed right to litigate reasonableness of attorney's fees) with *Bizzoco* v. *Chinitz* 193 Conn. 304, 310, 476 A.2d 572 (1984) (court may rely on its knowledge of trial to supply evidence in support of award of attorney's fees).

A closer review of those cases, however, reveals that, although the court has wide discretion and may use its general knowledge of the particular case before it when making an award, the party seeking attorney's fees must provide the court with some evidence on which to base that award. See, e.g., *Shapero* v. *Mercede*, 262 Conn. 1, 9, 808 A.2d 666 (2002) ("courts have a general knowledge of what would be reasonable compensation for services which are fairly stated and described"); *Barco Auto Leasing Corp.* v. *House*, supra, 202 Conn. 120–21 (award of attorney's fees, where plaintiff clearly entitled to those fees under CUTPA, made after court reviewed affidavits in file and parties' briefs on issue, did not provide sufficient opportunity for parties fully and fairly to litigate amount of those disputed fees); *Bizzoco* v. *Chinitz*, supra, 193 Conn. 310–11 (no need for evidentiary hearing where court knew that counsel had taken lengthy deposition, engaged in two day trial, and prepared posttrial brief because court could evaluate complexity of issues and skill with which counsel tackled issues); *Piantedosi* v. *Floridia*, 186 Conn. 275, 279, 440 A.2d 977 (1982) (court has discretion in awarding fees

where it is aware of counsel's activities and where it has been advised of time and efforts in preparing case); *Hoenig* v. *Lubetkin,* 137 Conn. 516, 525, 79 A.2d 278 (1951) (no abuse of discretion in amount of attorney's fees awarded where court advised of time and efforts in preparing case and was aware of activities of counsel during trial).

"Our Supreme Court has said that [a] trial court may rely on its own general knowledge of the trial itself to supply evidence in support of an award of attorney's fees. . . . Because the trial court is in a more advantageous position to evaluate the services of counsel than a reviewing court, [t]he amount of attorney's fees to be awarded rests in the sound discretion of the trial court and will not be disturbed on appeal unless the trial court has abused its discretion." (Citation omitted; internal quotation marks omitted.) *Gianquitti* v. *Sheppard,* 53 Conn. App. 72, 83, 728 A.2d 1133 (1999). Nevertheless, a trial court must "[afford] the parties the opportunity to present evidence and to be heard on the issue of reasonable attorney's fees. Our Supreme Court has stated that a party seeking attorney's fees must satisfy the undisputed requirement that the reasonableness of attorney's fees and costs . . . be proven by an appropriate evidentiary showing. . . . This protects the opposing party's right to litigate fully the reasonableness of the attorney's fees." (Citations omitted; internal quotation marks omitted.) *Levesque Builders, Inc.* v. *Hoerle,* 49 Conn. App. 751, 759–60, 717 A.2d 252 (1998).

General Statutes § 47a-18a provides in relevant part: "If the landlord makes an entry prohibited by section 47a-16 . . . the tenant may recover actual damages not less than an amount equal to one month's rent and reasonable attorney's fees. . . ." The trial court awarded the plaintiff the equivalent of one month's rent and $3000 as reasonable attorney's fees. The court did not hold a hearing on the issue of reasonable attorney's

fees, and there is nothing in the record to suggest that the plaintiff made a request for a specific amount in attorney's fees or submitted any evidence on the issue of attorney's fees. Although we are mindful that the trial court may supply evidence of what fees are reasonable from its knowledge of the case; see *Bizzoco* v. *Chinitz*, supra, 193 Conn. 310; precedent does not support the proposition that this may be done where there is not one scintilla of evidence submitted by the parties as to what fees are reasonable or what fees are being sought and where *the court rendering judgment has not been privy to all of the activities involved in the case.* This point is especially true in this case where, prior to the trial *before Judge Crawford*, the court, *Tanzer, J.*, after a hearing in damages, had originally awarded "reasonable attorney's fees" in the amount of $4000 on the default judgment, and thereafter considered and granted a motion to open the default judgment. Although the court, *Crawford, J.*, properly could take into account and assess what work the plaintiff's counsel had done in the trial, it could not make a proper assessment of what work had taken place in all of the proceedings before Judge Tanzer.

The trial court held that the defendant violated § 47a-16 by entering the plaintiff's apartment without her permission in a nonemergency situation. Section 47a-18a expressly allows that the tenant may recover reasonable attorney's fees. Accordingly, it is not disputed that the plaintiff is entitled to such fees. We agree with the defendant, however, that the court took no evidence in satisfaction of the "undisputed requirement that the reasonableness of attorney's fees and costs must be proven by an appropriate evidentiary showing." (Internal quotation marks omitted.) *Barco Auto Leasing Corp.* v. *House*, supra, 202 Conn. 121; see *Levesque Builders, Inc.* v. *Hoerle*, supra, 49 Conn. App. 759–60. The parties were given no opportunity to address this

issue at trial or at a hearing subsequent to trial. Accordingly, the defendant was denied the undisputed right to litigate fully the issue of reasonable attorney's fees. See *Levesque Builders, Inc.* v. *Hoerle*, supra, 760. This issue needs to be fully addressed at a further hearing.

The judgment is reversed on the cross appeal with respect to the award of reasonable attorney's fees and the case is remanded for an evidentiary hearing on that issue. In all other respects, the judgment is affirmed.

In this opinion the other judges concurred.