CONNECTICUT LIGHT AND POWER COMPANY *v.*
ROBERT ST. JOHN ET AL.
(AC 23279)

Lavery, C. J., and DiPentima and Peters, Js.

Argued October 14, 2003—officially released January 6, 2004

*James J. Farrell*, for the appellants (named defendant et al.).

*Thomas J. Sansone*, with whom, on the brief, was *David S. Hardy*, for the appellee (plaintiff).

*Opinion*

LAVERY, C. J. The defendants Robert St. John and Donald St. John[1] appeal from the judgment of the trial court denying their motion to open the judgment after they had been defaulted for failure to plead. On appeal, the defendants claim that the court (1) lacked subject matter jurisdiction over the matter because the plaintiff, Connecticut Light and Power Company, never served them with a writ of summons and complaint as required by General Statutes § 52-45a, and (2) improperly denied their motion to open the default judgment because the court clerk improperly entered a default judgment against them. We reverse in part and affirm in part the judgment of the trial court.

The relevant facts and procedural history are not in dispute. On March 6, 2000, the plaintiff filed an applica-

---

[1] St. John Associates, the other defendant in this action, is not a party to this appeal. We therefore refer in this opinion to Robert St. John and to Donald St. John as the defendants.

tion for a prejudgment remedy regarding real property at 504 Main Avenue in Norwalk. The plaintiff claimed that it had provided utility service for the defendants' benefit and that they had failed to pay for that service. The plaintiff also obtained a temporary restraining order from the court, which enjoined Donald St. John from transferring his interest in the subject property. On March 13, 2000, at the hearing on the application for a prejudgment remedy, the parties entered into an agreement in which they agreed that the restraining order would be dissolved and that the defendants would hold $10,500 of the proceeds from the sale of the property in escrow pending the resolution of the plaintiff's claims against the defendants.

On April 12, 2000, the parties signed a stipulation regarding the aforementioned agreement. On that same day, the defendants filed a motion to dismiss, arguing, inter alia, that the court did not have personal jurisdiction over them because they were not served properly with a complaint. On March 7, 2001, the court denied the motion, ruling that the defendants had waived their challenge to the court's exercise of personal jurisdiction when they entered into the stipulation.[2] On May 18, 2001, the plaintiff filed a motion for default for failure to plead, which the court clerk granted. On July 11, 2001, the defendants filed a motion to open the default, which the court denied without prejudice. On September 25, 2001, the defendants filed another motion to open the default, and both defendants also filed answers and counterclaims alleging a violation of the Connecti-

[2] The court stated: "In the present case, the defendants attended the prejudgment hearing and entered into a stipulation with the plaintiff. Furthermore, in paragraph four of the stipulation, it states that the parties have entered into an agreement in which $10,500 from the sale proceeds will be held in escrow *pending resolution of the civil lawsuit.* . . . Consequently, the court finds that because the defendants agreed to the stipulation with the plaintiff, the defendants waived their challenge to the court's exercise of personal jurisdiction." (Emphasis in original.)

cut Unfair Trade Practices Act, General Statutes § 42-110a et seq. The court granted the motion.

On November 6, 2001, the plaintiff filed a request to revise.[3] The defendants did not respond to the request to revise. On December 6, 2001, the plaintiff filed another motion for default for failure to plead, claiming that it had filed a request to revise the defendants' counterclaim and that they had failed to comply with the request. The court clerk granted the motion, defaulting both defendants. On December 28, 2001, the plaintiff claimed the matter for a hearing in damages, which was held on January 23, 2002. The defendants did not appear at the hearing. Following the hearing, the court rendered judgment for the plaintiff in the amount of $10,500 and ordered that the funds held in escrow be used to satisfy the judgment. On May 15, 2002, the defendants filed a motion to open the default judgment, which the court denied.[4] This appeal followed.

I

The defendants first claim that the court lacked subject matter jurisdiction over the matter because the plaintiff never served the defendants with a writ of summons and complaint as required by § 52-45a.[5] We

---

[3] We note that the plaintiff's request to revise requested that *the defendant* revise paragraphs six and fourteen of its counterclaim because those paragraphs contained a typographical error, namely, that "the plaintiff" was referenced instead of "the defendant." Although Donald St. John's counterclaim contained the two typographical errors described in the plaintiff's request to revise, in Robert St. John's counterclaim, there was only one typographical error, and that was in paragraph twelve.

[4] The defendants also filed a motion to open the default judgment on January 9, 2002. It appears that the court never acted on that motion.

[5] General Statutes § 52-45a provides: "Civil actions shall be commenced by legal process consisting of a writ of summons or attachment, describing the parties, the court to which it is returnable, the return day, the date and place for the filing of an appearance and information required by the Office of the Chief Court Administrator. The writ shall be accompanied by the plaintiff's complaint. The writ may run into any judicial district and shall be signed by a commissioner of the Superior Court or a judge or clerk of the court to which it is returnable."

disagree.[6]

As a preliminary matter, we address the appropriate standard of review. Because a determination regarding a court's subject matter jurisdiction is a question of law, our review is plenary. *Giulietti* v. *Giulietti*, 65 Conn. App. 813, 846, 784 A.2d 905, cert. denied, 258 Conn. 946, 947, 788 A.2d 95, 96, 97 (2001). "Subject matter jurisdiction involves the authority of a court to adjudicate *the type of controversy* presented by the action before it. . . . A court does not truly lack subject matter jurisdiction if it has competence to entertain the action before it. . . . Once it is determined that a tribunal has authority or competence to decide the class of cases to which the action belongs, the issue of subject matter jurisdiction is resolved in favor of entertaining the action. . . . [I]n determining whether a court has subject matter jurisdiction, every presumption favoring jurisdiction should be indulged." (Citations omitted; emphasis added; internal quotation marks omitted.) *Connor* v. *Statewide Grievance Committee*, 260 Conn. 435, 442–43, 797 A.2d 1081 (2002).

The defendants do not contest the court's competence to entertain *the type of action* before it; rather they contend that the plaintiff's failure to serve them with a writ of summons and complaint deprived the court of subject matter jurisdiction. The plaintiff con-

[6] The defendants also claim that (1) the court improperly failed to address the issue of subject matter jurisdiction, which they raised in their motion to open, and (2) if the court lacked subject matter jurisdiction, "the prejudgment remedy application must be dismissed." Because we conclude that the court possessed subject matter jurisdiction over the matter, we need not address those claims. Moreover, we cannot say conclusively that the court, in denying the defendants' motion to open, did not address the issue of subject matter jurisdiction as the defendants contend. The record is inadequate with respect to that issue because it does not contain a memorandum of decision or a signed transcript regarding the court's denial of the defendants' motion to open. It is incumbent on the appellants to provide an adequate record for appellate review. See Practice Book § 60-5; footnote 11.

cedes that it did not serve the defendants properly, but argues that such defective or insufficient service of process implicates only the court's personal jurisdiction over the defendants and not its subject matter jurisdiction over the action. We agree with the plaintiff.

"Our precedents make it abundantly clear that, except in the special circumstances of administrative appeals, defects in process do not deprive a court of subject matter jurisdiction. . . . [J]urisdiction over the person, jurisdiction over the subject-matter, and jurisdiction to render the particular judgment are three separate elements of the jurisdiction of a court. . . . Facts showing the service of process in time, form, and manner sufficient to satisfy the requirements of mandatory statutes in that regard are essential to jurisdiction *over the person*." (Emphasis in original; internal quotation marks omitted.) *Bridgeport* v. *Debek*, 210 Conn. 175, 179–80, 554 A.2d 728 (1989).

Because the plaintiff's failure to serve the defendants with a writ of summons and complaint as required by § 52-45a implicates only the court's personal jurisdiction, we conclude that the court had subject matter jurisdiction over the action.[7]

---

[7] The defendants have not claimed on appeal that the court lacked *personal jurisdiction*. We note, however, that the defendants waived any objection to the court's exercise of personal jurisdiction both for the reasons set forth in the court's March 7, 2001 denial of the defendants' motion to dismiss; see footnote 2; and, for any alleged defect in service of process that occurred subsequent to that denial, for the reasons set forth in Practice Book § 10-32.

Section 10-32 provides in relevant part: "Any claim of lack of jurisdiction over the person . . . or insufficiency of process or insufficiency of service of process is waived if not raised by a motion to dismiss filed in the sequence provided in Sections 10-6 and 10-7 and within the time provided by Section 10-30." Practice Book § 10-6 requires that a defendant file a motion to dismiss on the ground of a lack of personal jurisdiction prior to filing an answer to the plaintiff's complaint. The defendants, therefore, waived any claim regarding a lack of personal jurisdiction by filing their answers and counterclaims prior to filing a motion to dismiss. See *Plasil* v. *Tableman*, 223 Conn. 68, 72 n.6, 612 A.2d 763 (1992).

## II

The defendants also claim that the court improperly denied their motion to open the default judgment because the court clerk incorrectly entered a default judgment against them. Specifically, they argue that the proper court action was to enter a nonsuit on the counterclaims rather than a default judgment on the complaint and the counterclaims. We agree with the defendants.

Initially, we note that the record contains no memorandum of decision with respect to the court's denial of the defendants' motion to open, and the defendants have not provided a transcript of the hearing. Additionally, the defendants never filed a motion for articulation pursuant to Practice Book § 66-5. In such cases, we frequently have declined to review claims on appeal because the appellant has failed to provide the court with an adequate record for review. See *Resurreccion* v. *Normandy Heights, LLC*, 76 Conn. App. 642, 649, 820 A.2d 1116, cert. denied, 264 Conn. 917, 826 A.2d 1159 (2003). Our Supreme Court in *Niehaus* v. *Cowles Business Media, Inc.*, 263 Conn. 178, 182–86, 819 A.2d 765 (2003), however, held that there is an adequate basis for appellate review when the facts underlying a claim on appeal are not in dispute and the claim involves a pure question of law. That is the case here.[8] Accordingly, we review the defendants' claim.

The power of a court to set aside a default judgment is controlled by General Statutes § 52-212 (a), which provides in relevant part: "Any judgment rendered or decree passed upon a default or nonsuit . . . may be set aside . . . upon the complaint or written motion

[8] In addition, the record is adequate for an informed appellate review of the claim presented because the documents relevant to the defendants' claim were made a part of the record on appeal. See *Ammirata* v. *Zoning Board of Appeals*, 264 Conn. 737, 745 n.10, 826 A.2d 170 (2003).

of any party or person prejudiced thereby, showing reasonable cause, or that a good cause of action or defense in whole or in part existed at the time of the rendition of the judgment or the passage of the decree, and that the plaintiff or defendant was prevented by mistake, accident or other reasonable cause from prosecuting the action or making the defense." See also Practice Book § 17-43. "Although the opening of a judgment properly rendered is a discretionary act of the court . . . a judgment improperly rendered, as a matter of law, must be set aside." (Citation omitted.) *CAS Construction Co.* v. *Dainty Rubbish Service, Inc.*, 60 Conn. App. 294, 299, 759 A.2d 555 (2000), cert. denied, 255 Conn. 928, 767 A.2d 101 (2001).

In the present case, it is undisputed that the plaintiff's request to revise was directed only to the defendants' counterclaims and not their answers. It further is undisputed that the basis of the plaintiff's "motion for default" for failure to plead was that the defendants failed to object to or to comply with its request to revise.[9] General Statutes § 52-119 provides that "[p]arties failing to plead according to the rules and orders of the court may be nonsuited or defaulted, *as the case may be.*" (Emphasis added.) See also Practice Book § 10-18. The proper court action in this case was to nonsuit the defendants on their counterclaims rather than to default them on the plaintiff's complaint and on their counterclaims. See *Enquire Printing & Publishing Co.* v. *O'Reilly*, 193 Conn. 370, 377, 377 n.12, 477 A.2d 648 (1984); *Connecticut National Bank* v. *Mar-*

---

[9] Practice Book § 10-37 (a) provides in relevant part that a request to revise "shall be deemed to have been automatically granted by the judicial authority on the date of filing and shall be complied with by the party to whom it is directed within thirty days of the date of filing the same, unless within thirty days of such filing the party to whom it is directed shall file objection thereto."

*land,* 45 Conn. App. 352, 358, 696 A.2d 374, cert. denied, 243 Conn. 907, 701 A.2d 328 (1997).

"In an action at law, the rule is that the entry of a default operates as a confession by the defaulted defendant of the truth of the material facts alleged in the complaint which are essential to entitle the plaintiff to some of the relief prayed. . . . [I]ts effect is to preclude the defaulted defendant from making any further defense and to permit the entry of a judgment against him on the theory that he has admitted such of the facts alleged in the complaint as are essential to such a judgment." (Internal quotation marks omitted.) *Mountview Plaza Associates, Inc.* v. *World Wide Pet Supply, Inc.,* 76 Conn. App. 627, 630, 820 A.2d 1105 (2003). Thus, "[a] default admits the material facts that constitute a cause of action . . . and entry of default, *when appropriately made,* conclusively determines the liability of a defendant." (Emphasis added; internal quotation marks omitted.) Id., 629–30.

The court clerk's entry of default here was improper with respect to the plaintiff's complaint. The court had no authority to default the defendants for failure to plead on a complaint that they had properly answered. The effect of the court's action was to preclude the defendants from making any further defense as to liability in the case, which, pursuant to our rules of practice, they clearly had a right to do. Our Supreme Court has expressed a policy "to bring about a trial on the merits of a dispute whenever possible and to secure for the litigant his day in court." (Internal quotation marks omitted.) *Coppola* v. *Coppola,* 243 Conn. 657, 665, 707 A.2d 281 (1998).

We conclude that the default judgment was rendered improperly with respect to the plaintiff's complaint, and, therefore, the court was required to set it aside as

a matter of law insofar as it related to the complaint.[10] With respect to the entry of a default on the defendants' counterclaims, we conclude that although a default was not the proper court action, the court clerk properly "defaulted" the defendants because it is undisputed that they failed to object to or to comply with the plaintiff's request to revise their counterclaims. To conclude otherwise would be to elevate form over substance. See *Connecticut National Bank* v. *Marland,* supra, 45 Conn. App. 358. The court therefore was not required, as a matter of law, to set aside the entry of "default" against

---

[10] We also note that in their motion to open the judgment, the defendants specifically stated that "the 'default' entered in this action is based upon a typographical error in the defendants' *counterclaim* . . . not the defendants' answer; the proper court action [therefore] would have been to enter a nonsuit on the counterclaim. . . . [T]he plaintiff [was] not entitled to a default on the complaint for a typographical error in the defendants' counterclaims. . . ." (Emphasis in original.) They also, as the plaintiff concedes, set forth a number of defenses to the plaintiff's claim that existed at the time the default judgment was entered.

In *Pantlin & Chananie Development Corp.* v. *Hartford Cement & Building Supply Co.*, 196 Conn. 233, 240, 492 A.2d 159 (1985), our Supreme Court stated that "to set aside a judgment passed upon default [pursuant to General Statutes § 52-212], there must be a showing that: (1) a good defense existed at the time judgment was rendered; and (2) the party seeking to set aside the judgment was prevented from [prosecuting or] appearing because of mistake, accident, or other reasonable cause." The plaintiff's principal argument, both in its objection to the defendants' motion to open and in its appellate brief, for not opening the judgment is that the defendants' motion was "procedurally and fatally defective" because it did not "set forth any reasons why they failed to appear at the hearing in damages" as required by § 52-212.

The plaintiff's argument is flawed and misleading for two reasons. First, the court defaulted the defendants because they *failed to revise their counterclaims* and, therefore, their failure to appear at the hearing in damages was irrelevant to the issue of whether to open the default judgment. Indeed, it is possible that the defendants determined that their presence at the hearing in damages was unnecessary because liability was the only contested issue in the case. Second, in their motion to open, the defendants clearly raised the issue of the invalidity of the default judgment with respect to the plaintiff's complaint. We cannot conceive of any other "mistake, accident or other reasonable cause" that the defendants were required to set forth to set aside the judgment as it related to the complaint.

the defendants with respect to their counterclaims. We decline to address whether the court properly denied the defendants' motion to open the default judgment on the defendants' counterclaims because the record is not adequate for appellate review.[11]

The judgment is reversed as to the denial of the motion to open the default judgment on the complaint and the case is remanded with direction to grant the defendants' motion to open the default judgment on the complaint and for further proceedings consistent with this opinion. The judgment is affirmed as to the denial of the defendants' motion to open as it related to the counterclaims.

In this opinion the other judges concurred.

---

[11] As noted previously, the record contains no memorandum of decision with respect to the defendants' motion to open, and the defendants have not provided a transcript of the hearing. Additionally, the defendants never filed a motion for articulation pursuant to Practice Book § 66-5. The defendants therefore have failed to satisfy their burden of providing an adequate record for appellate review of their claim. See *Resurreccion* v. *Normandy Heights, LLC,* supra, 76 Conn. App. 649.

