DEUTSCHE BANK NATIONAL TRUST COMPANY *v.*
MICHAEL GABRIELE ET AL.
(AC 32318)

Gruendel, Beach and Peters, Js.

Argued December 10, 2012—officially released March 26, 2013

*J. Hanson Guest*, for the appellants (named defendant et al.).

*Douglas S. Sauve*, with whom, on the brief, was *Jonathan A. Kaplan*, for the appellee (plaintiff).

*Opinion*

PER CURIAM. The defendants Michael Gabriele and Victoria Gabriele[1] appeal from the judgment of strict foreclosure rendered by the trial court in favor of the plaintiff, Deutsche Bank National Trust Company. On appeal, the defendants claim that the court erred in rendering judgment of strict foreclosure because the plaintiff's motion for default, which the court granted, was filed prematurely.[2] We agree and reverse the judgment of the trial court.

---

[1] Sand Canyon Corporation and Farmington Valley Orthodontic also were named as defendants; however, they are not parties to this appeal. The term defendants will refer to Michael Gabriele and Victoria Gabriele only.

[2] The defendants also claim that the court erred in denying their request to revise and their motion to open the default, and that the judgment of strict foreclosure was rendered upon an insufficient affidavit. Because we reverse the judgment on the basis of the erroneous granting of the plaintiff's motion for default, we need not consider these additional claims.

The plaintiff commenced this residential mortgage foreclosure action against the defendants on November 13, 2009. The complaint stated that, pursuant to Practice Book § 10-29,[3] "exhibits to this complaint are not recited or annexed in full, but shall be served upon each party to this action forthwith upon receipt of notice of the appearance of such party, and shall further be filed in court with proof of service upon each appearing party."

In December, 2009, the defendants filed a motion for extension of time to file a responsive pleading to the complaint, seeking "an extension of time to plead of thirty (30) days or such other time as the court shall determine from the later of the date that the plaintiff files and forwards any unattached exhibits to its complaint . . . as required by [Practice Book] § 10-29 or the date the court grants this motion for extension of time." On December 21, 2009, the court granted the defendants' motion. On January 28, 2010, the plaintiff filed an amended certification of service of exhibits. On February 25, 2010, the plaintiff filed a motion for default for failure to plead. The defendants filed an objection to the plaintiff's motion for default. The court overruled the objection and implicitly granted the motion for default.

After having been defaulted, the defendants filed a request to revise the foreclosure complaint and a motion to set aside and/or to open the default, both of which the court denied. On September 7, 2010, the court held a hearing on the plaintiff's motion for a judgment

---

[3] Practice Book § 10-29 (a) provides in relevant part: "Any plaintiff desiring to make a copy of any document a part of the complaint may, without reciting it or annexing it, refer to it as Exhibit A, B, C, etc., as fully as if it had been set out at length; but in such case the plaintiff shall serve a copy of such exhibit or exhibits on each other party to the action forthwith upon receipt of notice of the appearance of such party and file the original or a copy of such exhibit or exhibits in court with proof of service on each appearing party. . . ."

of strict foreclosure and granted the motion.[4] This appeal followed.

Our standard of review in assessing the defendants' claim that the court erred in granting the plaintiff's motion for default is mixed. Ordinarily, we review a court's ruling on a motion for default under an abuse of discretion standard. See *Otwell* v. *Bulduc*, 76 Conn. App. 775, 777, 821 A.2d 793 (2003). In this case, however, review of the court's granting of the motion for default requires us to interpret an order, and "[t]he construction of an order is a question of law over which we exercise plenary review." *Gianetti* v. *Gerardi*, 122 Conn. App. 126, 130, 998 A.2d 807 (2010).

In their motion for extension of time, the defendants requested a thirty day extension of time to plead "*from the later*" of either the date that the plaintiff filed the exhibits that had not been attached to the complaint or from the date of the granting of the motion, or any such other time as the court may have determined. (Emphasis added.) The court did not determine any other time frame, but rather ordered the motion "granted" without elaboration. The only logical interpretation is that the defendants had thirty days from the plaintiff's filing of unattached exhibits on January 28, 2010, which was later than the court's granting of the plaintiff's motion for extension of time on December 21, 2009. The plaintiff's February 25, 2010 motion for default was filed within this thirty day period. As such, the defendants were not in default at the time the

---

[4] The original judgment of strict foreclosure, rendered in June, 2010, was vacated by the trial court. In this matter, the defendants filed an original appeal, a first amended appeal, a second amended appeal, and the present appeal. In October, 2010, we issued an order stating in part: "In light of the dismissal of the appeal and first amended appeal, THE FILING AND FORM OF THE AMENDED APPEAL AND ALL SUBSEQUENT PROCEEDINGS SHALL BE THE SAME AS THOUGH THE AMENDED APPEAL WERE AN ORIGINAL APPEAL . . . ."

motion was filed. We conclude that the court abused its discretion in granting the plaintiff's February 25, 2010 motion for default.

The judgment is reversed and the case is remanded for further proceedings according to law.