PEOPLE'S UNITED BANK *v.* KEITH D. BOK ET AL.
(AC 33983)

Gruendel, Alvord and Keller, Js.

Submitted on briefs March 22—officially released June 11, 2013

*Roy W. Moss* filed a brief for the appellants (named defendant et al.).

*Steven G. Berg* filed a brief for the appellee (plaintiff).

*Opinion*

KELLER, J. The defendants, Keith D. Bok and Randee Ganser-Bok,[1] appeal from the judgment of strict foreclosure rendered by the trial court in favor of the plaintiff, People's United Bank. The defendants claim that the court improperly rendered the judgment of strict foreclosure based upon a default for failure to plead that was erroneously entered against them after they had filed a responsive pleading. We agree and, accordingly, reverse the judgment of the trial court.

The following facts and procedural history are relevant to our resolution of this appeal. The plaintiff initiated the action underlying this appeal, and, on February

---

[1] The plaintiff also named JP Morgan Chase Bank, N.A., as a defendant and alleged that it claimed an interest in the property by virtue of a mortgage that was subsequent and subordinate to the plaintiff's mortgage. JP Morgan Chase Bank, N.A., was defaulted for failure to appear on May 20, 2011, and is not a party to this appeal. Accordingly, all references to the defendants in this opinion are to Keith D. Bok and Randee Ganser-Bok.

9, 2011, filed a complaint in which it sought to foreclose a mortgage on a property located at 150 Arbor Drive in Fairfield (property). According to the complaint, the defendants borrowed $400,000 from the plaintiff, which they secured with a mortgage on the property.[2] The complaint alleged that the defendants had defaulted on their monthly payment obligation under the mortgage. The defendants appeared through counsel on March 7, 2011. The plaintiff filed a demand for disclosure of defense on March 10, 2011, and a motion for default for failure to disclose a defense on May 5, 2011. On May 23, 2011, the defendants filed a disclosure of defense, which included the defendants' claims that (1) the plaintiff is not the holder of the alleged note, (2) the alleged mortgage debt was erroneous, (3) the defendants contested the amount of debt claimed by the plaintiff, (4) the plaintiff did not give sufficient notice of its acceleration in accordance with the terms of the mortgage and (5) the plaintiff did not have the right to accelerate the alleged indebtedness. The court denied the plaintiff's motion the following day. On June 29, 2011, the plaintiff filed a motion for default for failure to plead. The defendants filed a request to revise the plaintiff's complaint on July 8, 2011. The plaintiff filed a revised complaint on July 12, 2011.

On July 14, 2011, the clerk of the court granted the plaintiff's motion for default for failure to plead and stated in the order that "[n]o responsive pleadings [had] been filed on behalf of [the] defendants." On September 21, 2011, the plaintiff filed a motion for judgment of strict foreclosure. A hearing on the motion for judgment was held on October 11, 2011. On the same day, the defendants filed an answer to the revised complaint

---

[2] The defendants initially conveyed the property by way of the mortgage deed dated December 23, 2004, to Mortgage Electronic Registration Systems, Inc., as nominee for the plaintiff. The mortgage subsequently was assigned to the plaintiff.

and an objection to the plaintiff's motion for judgment. In their objection, the defendants claimed that the default for failure to plead entered against them was erroneous and should be vacated because, prior to the entry of default, they had filed a responsive pleading—the request to revise—on July 8, 2011, in response to which the plaintiff had filed a revised complaint on July 12, 2011.[3] The defendants did not appear at the hearing. During the hearing, the court acknowledged that the defendants had argued in their objection that the clerk had entered the default in error. After a brief argument from the plaintiff's counsel in which he stated that the defendants had not made any prior effort to set aside the default, the court stated: "If there's grounds for a motion to open, we'll take that up at an appropriate time." Shortly thereafter on the same day, the court granted the plaintiff's motion for judgment of strict foreclosure. On November 1, 2011, the court marked off the defendants' objection to the plaintiff's motion for judgment and stated the following in its order: "Moot. See order on [plaintiff's motion for judgment]." The present appeal followed.

The defendants claim that it was error for the court to grant the plaintiff's motion for judgment of strict foreclosure because the judgment was predicated on an erroneously entered default. Specifically, they claim that the clerk of the court improperly entered a default for failure to plead against them after they had filed a request to revise the plaintiff's complaint.[4] The plaintiff

[3] The motion also included specific references to the docket entry of the request to revise.

[4] The plaintiff does not dispute the defendants' claim that the clerk of court erred by entering a default for failure to plead against them and expressly acknowledges in its brief before this court that the clerk erred by entering the default.

The defendants also claim that their filing of an answer to the plaintiff's revised complaint prior to the hearing on the plaintiff's motion for judgment of strict foreclosure cured any harm from their delay in pleading. Because we conclude that the defendants' request to revise cured the defect com-

claims that the court properly rendered its judgment of strict foreclosure because the defendants failed to take sufficient measures to have the default set aside when they raised their arguments against the default in an objection to the plaintiff's motion for judgment, rather than in a motion to set aside the default brought pursuant to Practice Book § 17-42.[5] We agree with the defendants.

"The standard of review of a judgment of foreclosure by sale or by strict foreclosure is whether the trial court abused its discretion. . . . In determining whether the trial court has abused its discretion, we must make every reasonable presumption in favor of the correctness of its action. . . . Our review of a trial court's exercise of the legal discretion vested in it is limited to the questions of whether the trial court correctly applied the law and could reasonably have reached the conclusion that it did." (Internal quotation marks

plained of in the plaintiff's motion for default for failure to plead, we need not address the effect of the defendants' answer to the revised complaint.

[5] Practice Book § 17-42 provides in relevant part: "A motion to set aside a default where no judgment has been rendered may be granted by the judicial authority for good cause shown upon such terms as it may impose. . . ."

The plaintiff also argues that because the defendants failed to appear at the hearing on its motion for judgment, the defendants waived their right to challenge the default and judgment of strict foreclosure on appeal. While the defendants may have waived their right to argue their objection before the court by failing to appear at the hearing; see Practice Book § 11-18 (d); to the extent that the plaintiff claims that the defendants abandoned the merits of their claim for purposes of appeal, we reject the plaintiff's argument. The defendants clearly raised the invalidity of the default against them in the objection, and the court explicitly acknowledged the claim of error during the hearing on the plaintiff's motion for judgment and subsequently ruled on the objection, concluding that it was moot in light of its judgment. Moreover, the court had before it everything it required to evaluate the defendants' claim and no claim has been made that the court was unable to decide the issue in the absence of argument from the defendants. Accordingly, we conclude that the defendants sufficiently have preserved their claim for our review.

omitted.) *Webster Trust* v. *Mardie Lane Homes, LLC*, 93 Conn. App. 401, 405–406, 891 A.2d 5 (2006).

"General Statutes § 52-119 provides that [p]arties failing to plead according to the rules and orders of the court may be . . . defaulted . . . . Section 10-18 of our rules of practice essentially mirrors that language. We read the plain and unambiguous language of both § 52-119 and Practice Book § 10-18 as empowering the court with the discretionary authority to impose a default as a penalty whenever a defendant has failed to comply with our rules regarding pleadings, including the timely advancement of such pleadings. Such authority is in accord with the court's broad, general authority to act to maintain the orderly procedure of the court docket, and to prevent any interference with the fair administration of justice." (Internal quotation marks omitted.) *Deutsche Bank National Trust Co.* v. *Bertrand*, 140 Conn. App. 646, 656, 59 A.3d 864 (2013).

"[T]here is [however] support for the proposition that a court commits plain error if, prior to rendering a judgment upon default, the court fails to accept for filing a defaulted party's pleading solely on the ground that the pleading is untimely." Id., 662. General Statutes § 52-121 (a) provides in relevant part: "Any pleading in any civil action may be filed after the expiration of the time fixed by statute or by any rule of the court until the court has heard any motion for judgment by default . . . for failure to plead which has been filed in writing with the clerk of the court in which the action is pending." Moreover, "[o]ur Supreme Court has expressed a policy to bring about a trial on the merits of a dispute whenever possible to secure for the litigant his day in court." (Internal quotation marks omitted.) *Connecticut Light & Power Co.* v. *St. John*, 80 Conn. App. 767, 775, 837 A.2d 841 (2004).

Practice Book § 17-32 (a) provides: "Where a defendant is in default for failure to plead pursuant to [Practice Book §] 10-8, the plaintiff may file a written motion for default which shall be acted on by the clerk not less than seven days from the filing of the motion, without placement on the short calendar." Practice Book § 17-32 (b) provides in relevant part: "If a claim for a hearing in damages or a motion for judgment has been filed the default may be set aside only by the judicial authority." Practice Book § 10-6 provides that a defendant's request to revise[6] the plaintiff's complaint is one of eight permissible responsive pleadings in a civil action, subsequent to the plaintiff's complaint and any motion to dismiss the complaint brought by the defendant.

"Since the effect of a default is to preclude the defendant from making any further defense in the case so far as liability is concerned, the judicial authority, at or after the time it renders the default, notwithstanding Section 17-32 (b), may also render judgment in foreclosure cases . . . provided the plaintiff has also made a motion for judgment and provided further that any necessary affidavits of debt or accounts or statements verified by oath, in proper form, are submitted to the judicial authority." Practice Book § 17-33 (b). "[A] default admits the material facts that constitute a cause of action . . . and entry of default, *when appropriately made,* conclusively determines the liability of a defendant." (Emphasis in original; internal quotation marks omitted.) *Connecticut Light & Power Co.* v. *St. John,* supra, 80 Conn. App. 775.

In *Connecticut Light & Power Co.* v. *St. John,* supra, 80 Conn. App. 775–76, this court concluded that a trial

---

[6] Practice Book § 10-35 provides in relevant part: "Whenever any party desires to obtain (1) a more complete or particular statement of the allegations of an adverse party's pleading . . . the party desiring any such amendment in an adverse party's pleading may file a timely request to revise that pleading."

court was required to set aside a default judgment as a matter of law when the default had been rendered improperly. After the defendants in that case had filed answers and counterclaims to the plaintiff's complaint, the plaintiff filed a request to revise the defendants' counterclaim. Id., 769–70. The plaintiff subsequently moved for default for failure to plead when the defendants did not respond to the request to revise the counterclaim. Id., 770. The court clerk granted the motion, defaulting the defendants on both the complaint and their counterclaims. Id., 770, 773. The defendants also failed to appear at the hearing in damages at which the court rendered judgment for the plaintiff.[7] Id., 770. The defendants filed a motion to open the default, which the court denied. Id. In reversing the trial court's denial of the defendants' motion to open the default judgment on the plaintiff's complaint, this court concluded that the court clerk's entry of default was improper with respect to the plaintiff's complaint because "the court had *no authority* to default the defendants for failure to plead on a complaint that they had properly answered." (Emphasis added.) Id., 775, 777; see also *Deutsche Bank National Trust Co.* v. *Gabriele*, 141 Conn. App. 547, 548, 550–51, 61 A.3d 603 (2013) (reversing judgment of strict foreclosure after concluding that court abused its discretion by improperly granting motion for default for

---

[7] This court specifically rejected the plaintiff's argument that the defendants' motion was procedurally defective because it did not set forth any reasons as to why they failed to appear at the hearing in damages and stated that because the court defaulted the defendants for failing to revise their counterclaims, "their failure to appear at the hearing in damages was irrelevant to the issue of whether to open the default judgment." *Connecticut Light & Power Co.* v. *St. John*, supra, 80 Conn. App. 776 n.10. Further, the court noted that the defendants clearly had raised the issue of the invalidity of the default judgment with respect to the plaintiff's complaint in their motion to open. Id. In the present case, we note that, although the defendants' failure to appear at the hearing on the motion for judgment evinced a less than zealous effort to raise their claim before the trial court, their failure to appear similarly was irrelevant to the substantive issue of whether the default for failure to plead should have been set aside.

failure to plead against defendants because defendants were not in default when motion was filed).

Turning to the facts of the present case, we first address the form in which the defendants' claim was presented to the court. As the plaintiff correctly notes, under our rules of practice, a motion to set aside a default pursuant to Practice Book § 17-42 is the appropriate procedural vehicle for challenging an improper default when no judgment has been rendered. The defendants' claim was presented in a filing labeled as an "objection to motion for judgment." Despite its label, however, the "objection" clearly raised the issue of the erroneous default and requested that it be vacated. Although the defendants did not file their claim in a properly labeled motion to set aside the default pursuant to § 17-42, we look to the substance of the claim rather than the form in which it was raised. See *Whalen* v. *Ives*, 37 Conn. App. 7, 15–16, 654 A.2d 798, cert. denied, 233 Conn. 905, 657 A.2d 645 (1995).

In their "objection," the defendants argued that the motion for judgment was objectionable because it was predicated on a default that had been erroneously entered against them by the clerk of the court. They argued that it was error for the clerk to have defaulted them for failure to plead on July 14, 2011,[8] because they had filed a responsive pleading in the form of a request to revise on July 8, 2011. They further requested in the "objection" that the default be vacated in light of this error. The defendants' inclusion of their claim regarding the default in their objection to the motion for judgment was sufficient to apprise the court of the clerk's error as evinced by the court's specific acknowledgment of the defendants' claim of error during the hearing on

---

[8] The defendants' objection states that the clerk entered the default for failure to plead on July 12. This appears to be a typographical error and does not change the substance of the defendants' claim.

the plaintiff's motion. Accordingly, for purposes of our review, we consider the substance of the defendants' argument regarding the default raised in their "objection" to be functionally equivalent to a motion to set aside the default. To conclude otherwise would exalt form over substance. See id.

We now consider the merits of the defendants' claim. Because a default admits the material facts that constitute a cause of action, the entry of default conclusively determines the liability of a defendant, but only when the entry of default has been appropriately made. *Connecticut Light & Power Co.* v. *St. John,* supra, 80 Conn. App. 775. Here, the defendants were in default when the plaintiff filed its motion for default on June 29, 2011, because they had failed to advance the pleadings in accordance with the proper time line set forth in Practice Book § 10-8.[9] The clerk's subsequent entry of default, however, was not appropriately made when the defendants had since filed a responsive pleading on July 8, 2011.[10] Much like the circumstances in *Connecticut Light & Power Co.* v. *St. John,* supra, 80 Conn. App. 775–76, in the present case, the clerk's entry of default was improper because the court had no authority to default the defendants for failure to plead on July 14, 2011, when the record clearly reflected that they already had filed a responsive pleading in the form of a request

---

[9] Practice Book § 10-8 provides in relevant part: "Commencing on the return day of the writ, summons and complaint in civil actions, pleadings, including motions and requests addressed to the pleadings, shall first advance within thirty days from the return day, and any subsequent pleadings, motions and requests shall advance at least one step within each successive period of fifteen days from the preceding pleading or the filing of the decision of the judicial authority thereon if one is required, except that . . . in actions to foreclose a mortgage on real estate the initial time period shall be fifteen days. . . ."

[10] We note that, on the basis of our review of the record, it appears as though the clerk entirely overlooked the pleading as evinced by the order granting the plaintiff's motion for default, which stated that "[n]o responsive pleadings [had] been filed on behalf of [the] defendants."

to revise six days earlier.[11] "The effect of the court's action was to preclude the defendants from making any further defense as to liability in the case, which, pursuant to our rules of practice, they clearly had a right to do." Id., 775. The clerk's entry of default for failure to plead after the defendants had filed a responsive pleading was wrong as a matter of law and constituted good cause to set aside the default under Practice Book § 17-42; it was error for the court not to do so. Had the court properly set aside the default, it could not reasonably have granted the plaintiff's motion for judgment of strict foreclosure because the defendants' liability had yet to be determined conclusively. Accordingly, we conclude that the trial court abused its discretion in granting the plaintiff's motion for judgment of strict foreclosure because the motion was predicated on an erroneous entry of default against the defendants.

The judgment is reversed and the case is remanded for further proceedings according to law.

In this opinion the other judges concurred.

[11] We note that, unlike the defendants in *Connecticut Light & Power Co.* v. *St. John*, supra, 80 Conn. App. 770, the defendants in the present case did not file a motion to open the judgment after the court rendered its judgment of strict foreclosure based upon the default. The plaintiff suggests that this distinction is fatal to the defendants' appeal and that they should not be permitted to seek the reversal of the court's judgment even if the judgment was based upon a default that was entered in error. We find no merit in this argument as the defendants properly have appealed from the court's final judgment of strict foreclosure and adequately preserved their claim of error by effectively moving the court to set aside the default in their objection before the court rendered its judgment. The defendants also were entitled to move the court to open the judgment within four months after notice of the judgment had been sent; see Practice Book § 17-43; and it would have been better practice for them to have done so. We are unaware, however, of any authority that would have *required* the defendants to first move the court to open its judgment and obtain a denial of such motion before they were entitled properly to appeal from the original judgment of strict foreclosure. As we explained in footnote 5 of this opinion, the defendants adequately preserved their claim for our review by raising the issue of the invalidity of the default in their objection.