THOMAS F. McCARTHY v. THE THAMES DYEING AND BLEACHING COMPANY.

MALTBIE, C. J., JENNINGS, ELLS and DICKENSON, Js.[1]

Argued February 8—decided March 10, 1944.

*William J. Willetts,* with whom was *George C. Morgan,* for the appellant (plaintiff).

[1] By agreement of counsel the case was argued before and decided by four judges.

*Charles V. James,* with whom, on the brief, was *Arthur M. Brown,* for the appellee (defendant).

MALTBIE, C. J.   This appeal is taken from a judgment of nonsuit rendered upon the ground that the plaintiff had failed to comply in certain respects with an order for a more specific statement.  The complaint alleged that the plaintiff, while manager of the defendant's plant, had advanced substantial sums to enable it to continue its operations, and in particular about $3700 for freight charges, about $525 for commissions to sales agents, about $2500 for pay roll payments, about $11,000 for raw materials and about $6000 for other necessary bills; and in a second count the plaintiff sought to recover about $3500 claimed due him for salary which had not been paid.  The defendant made a motion for a more specific statement as to these items which was in part granted.  The plaintiff filed a bill of particulars which, as later amended, complied in part with the order of the court.  Items were set out in it which amounted to $3545.67 for freight charges, to $525 for commissions to sales agents to $2425 for advances for pay roll payments, and to $5368.48 for payments of other bills of the defendant.  No specific statement was made as to the claim for raw materials or as to the amounts claimed to be due for salary.  Because of the failure to file a specific statement as to these items and because the statement of bills paid, while giving the dates, the amounts due and the payees, did not state the purpose for which they were made, as required by the motion granted by the court, the trial court gave judgment of nonsuit.

Upon the face of the record, the situation is that, because the plaintiff has failed to file a specific statement as to certain general claims in his complaint

and has not fully complied with the order for the more specific statement as to another general claim, his action is thrown out of court, although he has well pleaded claimed items of indebtedness by the defendant to him amounting to almost $7000. The mere statement of this proposition is enough to suggest that the action of the trial court was wrong. It is axiomatic in modern pleading that, because a plaintiff cannot substantiate a separable part of the claim in his complaint, he is not to be barred of recovery as regards that portion of it he can establish. Where the failure to file a bill of particulars as ordered goes to the entire cause of action, a judgment of nonsuit may be proper. *Gross* v. *Clark,* 87 N. Y. 272, 276. Even where the failure to file the bill goes only to a part of the cause of action, it may be that the circumstances would justify such an order; *Nickerson* v. *Glines,* 220 Mass. 333, 107 N. E. 942; but the record in this case is silent as to any such circumstances. In the situation before us, the proper remedy of the defendant was not a motion for a nonsuit but one to expunge from the complaint the general allegations as to which specific statements as ordered by the court were not filed, or objection at the trial to any evidence offered in support of those allegations. *Gibbs* v. *Judge of the Superior Court,* 53 Mich. 496, 19 N. W. 162; *Branson* v. *Yeary,* 266 Ky. 527, 99 S. W. (2d) 707. Section 5532 of the General Statutes and § 68 of the Practice Book provide only that, where a party fails to comply with a rule or order of the court as to pleadings, the court "may" grant a nonsuit; they do not require that one be granted where to do so would run counter to sound principles of procedure. The language of both the statute and the rule has been modified since the decision of *Craft Refrigerating Machine Co.* v. *Quinnipiac Brewing Co.,* 63 Conn. 551, 566, 29 Atl. 76; and the

refusal of the plaintiff in that case to heed an order of the court that it elect between two causes of action stated in its complaint, after full warning that the case would be dismissed unless this was done, afforded justification for a judgment of nonsuit.

There is error, the judgment is set aside and the case is remanded to be proceeded with according to law.

In this opinion the other judges concurred.