[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR NONSUIT (#126)
The present action arises out of the plaintiff's purchase of a used automobile and an extended service contract from the defendants, Dan Perkins Subaru, Inc. (dealership), and Danzil Perkins, the president and director of the dealership. The action was originally brought in small claims court, and was transferred to this court on May 20, 1994.
On September 29, 1994, the defendants filed a motion to dismiss (#106) for lack of subject matter jurisdiction on the ground that the plaintiff, while having named Danzil Perkins in the summons, failed to allege any causes of action against Danzil Perkins in the complaint. (A review of the complaint in question reveals that all of the causes of action were asserted against the dealership, and all of the allegations of wrongdoing involved agents and employees of the dealership.) On October 31, 1994, the court, Freedman, J., in ruling on the defendants' motion to dismiss, ordered the "plaintiff to amend complaint to show position of Danzil Perkins [and] show why he is liable, within [two] weeks."
On November 14, 1994, in an apparent attempt to comply with Judge Freedman's order, the plaintiff filed an amended five-count complaint. In the amended complaint, the plaintiff alleges that CT Page 4548 both the dealership and Danzil Perkins: (1) breached their contracts with the plaintiff (first and fourth counts); (2) made various misrepresentations to the plaintiff (second and third counts); and (3) violated the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110 et seq. (fifth count).
On March 23, 1995, the defendants filed a "renewed" motion to dismiss (#123) on the ground of lack of subject matter jurisdiction. On March 30, 1995, the defendants filed a motion for nonsuit (#126) on the ground that the plaintiff, in filing the amended complaint, failed to comply with that part of Judge Freedman's order which required the plaintiff to "show why . . . [Danzil Perkins] is liable" to the plaintiff. The file contains no memorandum in opposition to the defendants' motion to dismiss.
Subject matter jurisdiction under Practice Book § 143(1) refers to the court's power to hear and determine cases of the general class to which the proceedings in question belong." Castro v.Viera, 207 Conn. 420, 427, 541 A.2d 1216 (1988). The ground of lack of subject matter jurisdiction may be raised by the parties or by the court, sua sponte, at any time. Daley v. Hartford,215 Conn. 14, 28, 574 A.2d 194 (1990). Once the issue is raised, it must be immediately acted upon by the court. Gurliacci v. Mayer,218 Conn. 531, 545, 590 A.2d 914 (1991).
The defendants appear to have premised their subject matter jurisdiction argument upon the plaintiff's failure to state any causes of action against Danzil Perkins in the original complaint. The defendants argue that such a failure shows a "lack of a justiciable controversy between the parties."[1]
The defendants' subject matter jurisdiction argument, while creative, is without merit. Judge Freedman, in ordering the plaintiff to "show why . . . [Danzil Perkins] is liable," was essentially ordering the plaintiff to amend his complaint to state a cause of action against Danzil Perkins. Such an order was appropriate because the plaintiff's initial failure to state allegations against Danzil Perkins did not conclusively establish the absence of a justiciable controversy between the plaintiff and Danzil Perkins and did not implicate the court's subject matter jurisdiction to hear any claims that the plaintiff might have had against Danzil Perkins.
In an attempt to comply with Judge Freedman's order, the plaintiff filed an amended complaint in which he alleges, inter CT Page 4549 alia, that the defendants (meaning both the dealership and Danzil Perkins) breached their contracts with the plaintiff and made various misrepresentations to the plaintiff.[2] The plaintiff has complied with Judge Freedman's order because the amended complaint asserts causes of action against Danzil Perkins as well as the dealership. Thus, the defendants' subject matter jurisdiction argument must fail.
In support of their motion for nonsuit, the defendants argue that the plaintiff should be nonsuited because he has failed to comply with that part of Judge Freedman's order which required the plaintiff to "show why . . . [Danzil Perkins] is liable." As stated above, the plaintiff has complied with Judge Freedman's order by amending his complaint to state causes of action against Danzil Perkins. If the defendants desire a more specific statement as to how Danzil Perkins, in his capacity as president and director of the dealership, is liable to the plaintiff, or as to what misrepresentations Danzil Perkins allegedly made to the plaintiff, then the defendants must file the appropriate Practice Book motion with the court. See McCarthy v. Thames Dyeing Bleaching Co.,130 Conn. 652, 654, 36 A.2d 739 (1944).
Thus the defendants' motion to dismiss and motion for nonsuit are accordingly denied.
MAIOCCO, JUDGE