JOLYNN WILSON *v.* ESTHER A. TROXLER ET AL.
(AC 25783)

Schaller, McLachlan and Foti, Js.

---

Argued May 24—officially released October 11, 2005

*Ronald D. Williams, Jr.*, for the appellant (defendant state fleet operations).

*Thomas E. Farver*, with whom was *Nicholas M. Troiano*, for the appellee (plaintiff).

FOTI, J. The defendant state of Connecticut, fleet operations (state fleet operations),[1] appeals from the judgment of the trial court denying its motion to open the judgment rendered in favor of the plaintiff, JoLynn Wilson, after it had been defaulted for failure to appear, and denying its motion to dismiss her complaint on the ground of sovereign immunity.[2] On appeal, state fleet operations claims that the court improperly denied (1) its motion to open because it did not receive actual notice of the plaintiff's motion for default for failure to appear and (2) its motion to dismiss because it is immune from the plaintiff's lawsuit. We agree with the first claim and, accordingly, reverse the judgment of the trial court as to the motion to open. We affirm its judgment as to the motion to dismiss.

The plaintiff alleged that she was driving her vehicle in New Haven on August 1, 2000, when she was struck from behind by a state owned vehicle driven by Esther

[1] The named defendant, Esther A. Troxler, is not a party to this appeal. State fleet operations is a division of the department of administrative services.

[2] "The general rule is that the denial of a motion to dismiss is an interlocutory ruling and, therefore, is not a final judgment for purposes of appeal. . . . The denial of a motion to dismiss based on a colorable claim of sovereign immunity, by contrast, is an immediately appealable final judgment because the order or action so concludes the rights of the parties that further proceedings cannot affect them." (Citation omitted; internal quotation marks omitted.) *Miller* v. *Egan*, 265 Conn. 301, 303 n.2, 828 A.2d 549 (2003). "[U]nless the state is permitted to appeal a trial court's denial of its motion to dismiss, filed on the basis of a colorable claim of sovereign immunity, the state's right not to be required to litigate the claim filed against it would be irretrievably lost." *Shay* v. *Rossi*, 253 Conn. 134, 165, 749 A.2d 1147 (2000), overruled on other grounds, *Miller* v. *Egan*, 265 Conn. 301, 325, 828 A.2d 549 (2003).

A. Troxler. In a complaint dated July 16, 2002, the plaintiff named Troxler and state fleet operations as defendants and alleged that Troxler negligently had struck her vehicle and had caused her to suffer injuries. The plaintiff then served process on Troxler and on the attorney general's office, which is state fleet operations' agent for service of process. Gregory T. D'Auria, an associate attorney general, accepted service of process for state fleet operations on July 24, 2002, and forwarded the writ of summons and the plaintiff's complaint to the state comptroller's office.

The plaintiff filed her complaint on August 12, 2002. The return date for the complaint was August 20, 2002. Neither Troxler nor state fleet operations filed an appearance. On October 17, 2002, the plaintiff filed a motion for default for failure to appear as to both Troxler and state fleet operations and mailed a copy of that motion to Troxler and to the attorney general's office. The court clerk granted that motion as to both Troxler and state fleet operations. The plaintiff then filed a motion for judgment after default on February 20, 2003, and a certificate of closed pleadings on March 10, 2003, in which she requested a hearing in damages to the court. The plaintiff mailed that motion and certificate to Troxler and to the attorney general's office. On June 6, 2003, the court, *Graham, J.*, rendered judgment for the plaintiff and awarded her $294,423.50 in damages.

Troxler and state fleet operations together filed a single appearance on August 7, 2003. Troxler submitted an affidavit that she had received process and the plaintiff's subsequent pleadings, and had sent the plaintiff's counsel a letter and then a note explaining her belief that the state would handle the lawsuit on her behalf. State fleet operations represented that it never had received the writ of summons and the plaintiff's complaint as well as subsequent pleadings from the attorney general's office or the state comptroller's office. The

state comptroller's office had no record of having received the writ of summons and the plaintiff's complaint from the attorney general's office. The attorney general's office had no record of having received the plaintiff's subsequent pleadings.

The plaintiff filed a notice of judgment after default for failure to enter an appearance on September 18, 2003, and mailed that notice to Troxler, state fleet operations and to the attorney general's office. Thereafter, Troxler and state fleet operations each timely filed a motion to open the judgment and a motion to dismiss the plaintiff's complaint. On August 19, 2004, the court, *Tanzer, J.*, granted Troxler's motion to open and motion to dismiss. Judge Tanzer denied state fleet operations' motion to open and motion to dismiss. State fleet operations then filed this appeal from the court's denial of its motions to open and motion to dismiss.

I

State fleet operations first claims that the court should have granted its motion to open because it did not receive actual notice of the plaintiff's motion for default for failure to appear. We agree.

"We do not undertake a plenary review of the merits of a decision of the trial court to grant or to deny a motion to open a judgment. The only issue on appeal is whether the trial court has acted unreasonably and in clear abuse of its discretion. . . . In determining whether the trial court abused its discretion, this court must make every reasonable presumption in favor of its action. . . . The manner in which [this] discretion is exercised will not be disturbed so long as the court reasonably could conclude as it did." (Citation omitted; internal quotation marks omitted.) *Eilers* v. *Eilers*, 89 Conn. App. 210, 216, 873 A.2d 185 (2005).

General Statutes § 52-212 (a) sets forth the procedure for opening a judgment upon default or nonsuit. It pro-

vides in relevant part: "Any judgment rendered or decree passed upon a default or nonsuit in the Superior Court may be set aside, within four months following the date on which it was rendered or passed, and the case reinstated on the docket . . . upon the complaint or written motion of any party or person prejudiced thereby, showing reasonable cause, or that a good cause of action or defense in whole or in part existed at the time of the rendition of the judgment or the passage of the decree, and that the plaintiff or defendant was prevented by mistake, accident or other reasonable cause from prosecuting the action or making the defense." See also Practice Book § 17-43. Therefore, state fleet operations must show that it (1) had a good defense when judgment was rendered and (2) did not defend against the action because of mistake, accident or other reasonable cause. As the Appellate Session of the Superior Court once explained, "[t]he fact that the defendant had no notice of the pendency of the action is a good defense against the action as well as a reasonable cause to set aside the judgment." *Collins* v. *Scholz*, 34 Conn. Sup. 501, 505–506, 373 A.2d 200 (1976).

The court determined that state fleet operations had received notice of the plaintiff's motion for default for failure to appear because the plaintiff had mailed a copy of that motion to the attorney general's office.[3] The plaintiff also mailed her motion for judgment after default and certificate of closed pleadings to the attorney general's office.[4] The court concluded that the plain-

---

[3] Because Troxler is not a party to this appeal, we omit facts regarding her receipt of the plaintiff's subsequent pleadings in the remainder of this opinion.

[4] In contrast to the plaintiff's motion for default for failure to appear, motion for judgment after default and certificate of closed pleadings, the plaintiff mailed her notice of judgment after default for failure to enter an appearance to state fleet operations in addition to the attorney general's office. That notice did not comply with Practice Book § 17-22, which provides in relevant part: "A notice of . . . judgment after default for failure to enter an appearance, which notice includes the terms of the judgment, shall be mailed within ten days of the entry of judgment by counsel of the prevailing

tiff properly had addressed those pleadings to the attorney general's office rather than to state fleet operations because state fleet operations had not filed an appearance and the attorney general's office is state fleet operations' agent for service of process. In support of its conclusion, the court cited General Statutes § 52-64, which provides that "[s]ervice of civil process in any civil action or proceeding maintainable against . . . the state or against any institution, board, commission, department or administrative tribunal thereof . . . may be made by leaving a true and attested copy of the process, including the declaration or complaint, with the Attorney General or at his office in Hartford."

Section 52-64, however, concerns civil process, not subsequent pleadings. Civil process is the manner in which civil actions are commenced. General Statutes § 52-45a provides that civil process "consist[s] of a writ of summons or attachment, describing the parties, the court to which it is returnable, the return day, the date and place for the filing of an appearance and information required by the Office of the Chief Court Administrator. The writ shall be accompanied by the plaintiff's complaint. . . ." Service of subsequent pleadings is not by process, but instead usually by mail. See Practice Book § 10-13. The court therefore improperly relied on General Statutes § 52-64. The court should have relied on Practice Book § 10-12 (b), which provides: "It shall be the responsibility of counsel or a pro se party at the time of filing a motion for default for failure to appear *to serve the party sought to be defaulted* with a copy of the motion. Upon good cause shown, the judicial authority may dispense with this requirement when

party to the party against whom it is directed and a copy of such notice shall be sent to the clerk's office. . . ." The court rendered judgment on June 6, 2003, but the plaintiff did not mail her notice of judgment after default for failure to enter an appearance until September 16, 2003, well beyond the ten days specified in Practice Book § 17-22.

judgment is rendered." (Emphasis added.) Although the court cited Practice Book § 10-12 (b) in its memorandum of decision, it did not apply that section to the present case. Section 10-12 (b) plainly directs counsel "to serve the party sought to be defaulted," not the party's agent for service of process.

"We interpret provisions of the Practice Book according to the same well settled principles of construction that we apply to the General Statutes. . . . In determining the meaning of a statute, [it] must be considered as a whole, with a view toward reconciling its separate parts in order to render a reasonable overall interpretation. . . . We presume that there is a purpose behind every sentence, clause, or phrase used in an act and that no part of a statute is superfluous." (Citations omitted; internal quotation marks omitted.) *Tyler E. Lyman, Inc.* v. *Lodrini*, 63 Conn. App. 739, 744, 780 A.2d 932, cert. denied, 258 Conn. 902, 782 A.2d 137 (2001). The plain language of Practice Book § 10-12 (b) provides that the *party* to be defaulted is to be served with a copy of the motion for default for failure to appear. Section 10-12 (b) does not refer to service of *process*, for which a party may appoint an agent. The absence of any reference to "process" in Practice Book § 10-12 (b) is significant because that term appears in other rules of practice related to service. See *Connor* v. *Statewide Grievance Committee*, 260 Conn. 435, 440–41, 797 A.2d 1081 (2002). We therefore conclude that mailing a copy of a motion for default for failure to appear to a nonappearing party's agent for service of process does not comply with Practice Book § 10-12 (b).

In the present case, the party sought to be defaulted was state fleet operations. It was not proper for the plaintiff to serve her motion for default for failure to appear on the attorney general's office merely because that office is state fleet operations' agent for service of process. Pursuant to Practice Book § 10-12 (b), the

court could have dispensed with the requirement of service on state fleet operations if the plaintiff had shown good cause to do so. As evidenced by the summons on her complaint, however, the plaintiff was aware of state fleet operations' address and could have mailed her motion for default for failure to appear to that address. The plaintiff's failure to serve state fleet operations with her motion for default for failure to appear deprived state fleet operations of actual notice of the pendency of that motion. State fleet operations therefore had a good defense and a reasonable cause not to have defended against the plaintiff's action pursuant to General Statutes § 52-212. The court consequently acted unreasonably and in clear abuse of its discretion in denying state fleet operations' motion to open.

Our resolution of state fleet operations' first claim does not alter our well settled jurisprudence that "[a] court should not open a default judgment in cases where the defendants admit they received actual notice and simply chose to ignore the court's authority. . . . Negligence is no ground for vacating a judgment, and it has been consistently held that the denial of a motion to open a default judgment should not be held an abuse of discretion where the failure to assert a defense was the result of negligence. . . . Negligence of a party or his counsel is insufficient for purposes of § 52-212 to set aside a default judgment." (Citations omitted; internal quotation marks omitted.) *Woodruff* v. *Riley*, 78 Conn. App. 466, 471, 827 A.2d 743, cert. denied, 266 Conn. 922, 835 A.2d 474 (2003). The failure of a party filing a motion for default for failure to appear to serve that motion on a nonappearing party in compliance with Practice Book § 10-12 (b) is distinct from a nonappearing party's own negligence.

We also distinguish the present case from *Triton Associates* v. *Six New Corp.*, 14 Conn. App. 172, 540 A.2d 95, cert. denied, 208 Conn. 806, 545 A.2d 1104

(1988). In that case, the defendant corporation claimed that it had failed to receive actual notice of the entry of a default for failure to appear and a subsequent motion for judgment after default because that entry and motion were mailed to its previous counsel, who was its agent for service. The defendant corporation was in the process of hiring new counsel but, nonetheless, was aware of the entry of default and subsequent motion for judgment. We stated that "[i]n the absence of a proper appearance by the [defendant] corporation, all motions and notices . . . were properly sent to the defendant's agent for service. . . . [W]e fail to see how notice to the agent for service is improper where no effective appearance in the case has been made by the defendant *and where that failure to appear was due the defendant's own negligence*." (Citations omitted; emphasis added.) Id., 178. In the present case, state fleet operations was not aware that the plaintiff had filed a lawsuit against it and therefore was not negligent in failing to appear.

We conclude that state fleet operations lacked actual notice of the plaintiff's motion for default for failure to appear because the plaintiff improperly served that motion on the attorney general's office. The court's denial of state fleet operations' motion to open was unreasonable and a clear abuse of discretion.

II

State fleet operations next claims that the court should have granted its motion to dismiss because it is immune from the plaintiff's lawsuit. We disagree.

The plaintiff's complaint failed to reference General Statutes § 52-556, which provides that "[a]ny person injured in person or property through the negligence of any state official or employee when operating a motor vehicle owned and insured by the state against personal injuries or property damage shall have a right of action

against the state to recover damages for such injury." Instead, the plaintiff's complaint referenced General Statutes § 52-183, the presumption that the operator of a motor vehicle involved in a negligence action is the agent of the motor vehicle's owner. State fleet operations argues that it is immune from the plaintiff's lawsuit because the plaintiff failed to reference § 52-556 in her complaint and failed to allege that the state vehicle that Troxler had driven was insured within the meaning of § 52-556.

We conclude that the proper procedural vehicle by which to challenge the plaintiff's complaint is a motion to strike rather than a motion to dismiss. "There is a significant difference between asserting that a plaintiff *cannot* state a cause of action and asserting that a plaintiff *has not* stated a cause of action, and therein lies the distinction between the motion to dismiss and the motion to strike." (Emphasis in original.) *Egri* v. *Foisie*, 83 Conn. App. 243, 247, 848 A.2d 1266, cert. denied, 271 Conn. 931, 859 A.2d 930 (2004). State fleet operations' argument in its motion to dismiss is directed not to the court's lack of subject matter jurisdiction, but instead to the legal sufficiency of the plaintiff's complaint. The court's subject matter jurisdiction over the plaintiff's complaint does not depend on the plaintiff's failure to reference the correct statute and to allege that the state vehicle Troxler had driven was insured pursuant to § 52-556. The court therefore properly denied state fleet operations' motion to dismiss.

The judgment is reversed only as to the denial of state fleet operations' motion to open the judgment and the case is remanded for further proceedings consistent with this opinion. The judgment is affirmed in all other respects.

In this opinion the other judges concurred.