DENNIS W. BYARS *v.* FEDEX GROUND PACKAGE SYSTEM, INC., ET AL.
(AC 27385)

DiPentima, Gruendel and Harper, Js.

Argued November 29, 2006—officially released May 8, 2007

*Dennis W. Byars*, pro se, the appellant (plaintiff).

*Tasos C. Paindiris*, for the appellee (named defendant).

### Opinion

GRUENDEL, J. This case arises from a default judgment in an employment discrimination action rendered in favor of the pro se plaintiff, Dennis W. Byars. The plaintiff appeals from the trial court's denial of his motion to reargue and to vacate the order to open the default judgment. The trial court subsequently granted the motion to dismiss filed by the defendant FedEx Ground Package System, Inc.,[1] and rendered judgment dismissing the action. On appeal, the plaintiff claims that the court improperly (1) granted the defendant's

---

[1] The action was withdrawn as against the other defendant, the commission on human rights and opportunities, on February 2, 2005. We hereinafter refer to FedEx Ground Package System, Inc., as the defendant.

motion to open the judgment prior to the expiration of his allotted time to respond, (2) denied his motion for an extension of time and (3) failed to place his request for production of documents on the short calendar.[2] We affirm the judgment of the trial court.

The following facts and procedural history are relevant to our consideration of the issues on appeal. On August 25, 2004, the plaintiff filed a complaint with the commission on human rights and opportunities (commission), alleging employment discrimination on the basis of race, color and age. The commission dismissed the case, observing that the defendant was exempt from its jurisdiction because the position sought by the plaintiff was that of an independent contractor and not of an employee. Thereafter, on September 13, 2004, the plaintiff commenced the discrimination action in the trial court. The court, *Levine, J.*, granted the plaintiff's motion for default on January 7, 2005, due to the defendant's failure to appear. On November 15, 2005, the

___

[2] In part, the plaintiff also argues that the court's rulings resulted in a denial of his equal protection rights. His equal protection claims are beyond the scope of our limited review because they do not implicate the trial court's power to open the judgment. Generally, the granting of a motion to open is not a final judgment from which an appeal will lie. See *RAL Management, Inc.* v. *Valley View Associates*, 278 Conn. 672, 686, 899 A.2d 586 (2006) ("with limited exceptions . . . this court lacks jurisdiction over an appeal filed subsequent to the granting of a motion to open because there is no final judgment, an essential prerequisite to our jurisdiction" [citation omitted]). An appeal from the granting of a motion to open may be filed, however, where the authority of the trial court to do so is challenged. See *Solomon* v. *Keiser*, 212 Conn. 741, 747, 562 A.2d 524 (1989); *Connecticut Light & Power Co.* v. *Costle*, 179 Conn. 415, 418, 426 A.2d 1324 (1980). Accordingly, we address these claims only insofar as they challenge the court's power to open the judgment.

We are also unable to review the plaintiff's additional claim that the court improperly granted the motion to open the judgment based only on the defendant's allegations rather than a " 'showing' sufficient to satisfy statutory requirements." As noted, we review the plaintiff's claims only insofar as they challenge the court's authority to grant the motion.

court, *Dunnell, J.,* rendered judgment and awarded the plaintiff $60,000 in damages.[3]

On December 27, 2005, the defendant filed a motion to open the judgment and a motion to dismiss the plaintiff's complaint.[4] On January 5, 2006, the plaintiff filed a motion for an extension of time in which to respond to both of the defendant's motions; the court took no action on the plaintiff's motion. Instead, it placed the defendant's motion to open the judgment on the short calendar docket for January 9, 2006, marked as nonarguable. On January 9, 2006, the court, *R. Robinson, J.,* granted the defendant's motion to open the judgment. On January 18, 2006, the court granted the defendant's motion to dismiss. On January 23, 2006, the plaintiff filed a motion to reargue and to vacate the trial court's January 9, 2006 order opening the judgment. On January 30, 2006, the plaintiff filed a motion to reargue and to vacate the trial court's January 18, 2006 order dismissing the action. The plaintiff's January 23 motion was denied on February 6, 2006, and, on February 14, 2006, the plaintiff filed this appeal.[5] Also on February 14,

---

[3] On November 25, 2005, the plaintiff appealed to this court from the award of damages. On April 26, 2006, this court granted the defendant's motion to dismiss the plaintiff's November 25, 2005 appeal because the trial court had opened the judgment in the case, after which there was no final judgment from which the plaintiff could appeal. See *Sasso* v. *Aleshin,* 197 Conn. 87, 90, 495 A.2d 1066 (1985).

[4] In its motion to open the judgment, the defendant argued that the plaintiff did not serve process on the defendant's registered agent; in its motion to dismiss, it alleged that the court lacked personal jurisdiction over the defendant.

[5] The granting of a motion to open the judgment is governed by General Statutes § 52-212, which provides in relevant part: "(a) Any judgment rendered or decree passed upon a default or nonsuit in the Superior Court may be set aside, within four months following the date on which it was rendered or passed, and the case reinstated on the docket, on such terms in respect to costs as the court deems reasonable, upon the complaint or written motion of any party or person prejudiced thereby, showing reasonable cause, or that a good cause of action or defense in whole or in part existed at the time of the rendition of the judgment or the passage of the decree, and that the plaintiff or defendant was prevented by mistake, accident or other reasonable cause from prosecuting the action or making the defense.

the court granted the plaintiff's January 30 motion and scheduled reargument on the defendants' motion to dismiss. On April 13, 2006, the court again granted the motion to dismiss and rendered judgment dismissing the action.

"Our standard of review is well settled. Whether a court has authority to grant a motion to open requires an interpretation of the relevant statutes. Statutory construction, in turn, presents a question of law over which our review is plenary." *Opoku* v. *Grant*, 63 Conn. App. 686, 690, 778 A.2d 981 (2001). "We interpret provisions of the Practice Book according to the same well settled principles of construction that we apply to the General Statutes. . . . In determining the meaning of a statute, [it] must be considered as a whole, with a view toward reconciling its separate parts in order to render a reasonable overall interpretation. . . . We presume that there is a purpose behind every sentence, clause, or phrase used in an act and that no part of a statute is superfluous." (Internal quotation marks omitted.) *Wilson* v. *Troxler*, 91 Conn. App. 864, 871, 883 A.2d 18, cert. denied, 276 Conn. 928, 929, 889 A.2d 819, 820 (2005).

I

The plaintiff first claims that the court improperly granted the defendant's motion to open the judgment prior to the expiration of the allotted fifteen day time period to respond to the motion. We disagree.

In support of his claim, the plaintiff cites Practice Book § 10-8, entitled "Time to Plead," which provides in relevant part: "Commencing on the return day of the

"(b) The complaint or written motion shall be verified by the oath of the complainant or his attorney, shall state in general terms the nature of the claim or defense and shall particularly set forth the reason why the plaintiff or defendant failed to appear. . . ."

Because the granting of a motion to open the judgment is not an appealable final judgment, we decline to review the merits of the motion. See footnote 2.

writ, summons and complaint in civil actions, pleadings, including motions and requests addressed to the pleadings, shall first advance within thirty days from the return day, and any subsequent pleadings, motions and requests shall advance at least one step within each successive period of *fifteen days* from the preceding pleading or the filing of the decision of the judicial authority thereon if one is required . . . ." (Emphasis added.) We note that Practice Book § 10-8 is inapposite to the present appeal because it relates to the time periods allowed for pleadings. See, e.g., *Schilberg Integrated Metals* v. *Continental Casualty Co.*, 263 Conn. 245, 275, 819 A.2d 773 (2003); *Dauti* v. *Stop & Shop Supermarket Co.*, 90 Conn. App. 626, 636, 879 A.2d 507, cert. denied, 276 Conn. 902, 884 A.2d 1025 (2005).

Practice Book § 11-15 provides in relevant part: "Matters to be placed on the short calendar shall be assigned automatically by the clerk without written claim . . . . No such matters shall be so assigned unless filed *at least five days* before the opening of court on the short calendar day. . . ." (Emphasis added.) This rule implements "the fundamental principle of judicial administration [t]hat no matter shall be decided unless the parties have fair notice that it will be presented in sufficient time to prepare themselves upon the issue." (Internal quotation marks omitted.) *Fattibene* v. *Kealey*, 18 Conn. App. 344, 353, 558 A.2d 677 (1989). The defendant's motion to open the judgment was filed on December 27, 2005, *thirteen days* before the motion was considered at short calendar on January 9, 2006. Therefore, the court's actions in placing the motion on the short calendar did not violate our rules of practice, and the plaintiff's first claim fails.

II

The plaintiff also claims that the court improperly granted the defendant's motion to open the judgment

because he was not permitted an extension of time to respond to the motion. Specifically, he claims that the court had no authority to ignore his timely submitted motion. We disagree.

The plaintiff relies on Practice Book § 10-30, entitled "Motion to Dismiss; Request for Extension of Time to Respond." Section 10-30 provides in relevant part: "Any adverse party may, within ten days of the filing of the motion with the court, file a request for extension of time to respond to the motion. The clerk *shall* grant the request and cause the motion to appear on the short calendar not less than thirty days from the filing of the request." (Emphasis added.) The plaintiff filed his motion for an extension of time on January 5, 2006, within ten days of the defendant's filing of the motion to open the judgment on December 27, 2005. He claims that the language of the rule of practice mandated that the clerk grant his motion for an extension of time.

Practice Book § 10-30 is inapplicable, as it refers to motions to dismiss and not motions to open the judgment. Despite the mandatory language in this section, we are unable to locate any authority for the proposition that granting a request for an extension of time to respond to a motion to open the judgment is mandatory. On the contrary, the precedent in our appellate courts dictates that trial courts are given discretion to grant or deny a request for an extension of time to respond to all but a limited number of motions. See, e.g., *Hartford National Bank & Trust Co.* v. *Kotkin*, 185 Conn. 579, 580 n.2, 441 A.2d 593 (1981); *Sachs* v. *Sachs*, 22 Conn. App. 410, 416–19, 578 A.2d 649, cert. denied, 216 Conn. 815, 580 A.2d 60 (1990). Accordingly, the court did not exceed its authority by failing to grant the plaintiff's motion for an extension of time.

### III

The plaintiff's final claim is that the court improperly granted the defendant's motion to open the judgment

after refusing to place his request for production of documents on the short calendar docket.[6] We disagree.

Practice Book § 13-9 provides in relevant part: "(b) Requests for production may be served upon any party without leave of court at any time after the return day. . . . (e) The party serving such request . . . *shall not* file it with the court. . . ." (Emphasis added.) It is only when the adverse party objects to the request that it may be filed with the court. See Practice Book § 13-10 (b). The defendant filed an objection on January 11, 2006, and no further action was taken by the plaintiff. Practice Book § 13-10 (c) provides in relevant part: "No objection to any such request shall be placed on the short calendar list until an affidavit by either counsel is filed certifying that bona fide attempts have been made to resolve the differences concerning the subject matter of the objection and that counsel have been unable to reach an accord. . . ." Pursuant to our rules of practice, the court's failure to place the plaintiff's request on the short calendar was not improper. Cf. *Esposito* v. *Presnick*, 15 Conn. App. 654, 663–64, 546 A.2d 899 (trial court's failure to consider pro se plaintiff's objection to production request improper), cert. denied, 209 Conn. 819, 551 A.2d 755 (1988). Accordingly, the court did not exceed its authority in acting on the defendant's motion to open the judgment without having placed the plaintiff's request for production on the short calendar.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[6] Although not specifically stated in the motion or the plaintiff's brief, we assume, because of timing, that the plaintiff's request for production was intended for his opposition to the defendant's motion to open the judgment. We therefore review the plaintiff's claim.