******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# RICHELLE KAYE *v.* DOUGLAS HOUSMAN
## (AC 40187)

Lavine, Keller and Bishop, Js.

*Syllabus*

The plaintiff landlord sought to recover damages from the defendant tenant for, inter alia, breach of contract in connection with the defendant's failure to pay rent. Thereafter, the defendant filed an answer, twelve special defenses and right of recoupment, and the plaintiff filed a request to revise eight of the defendant's special defenses and right of recoupment. Subsequently, the plaintiff filed a motion for default for failure to plead, claiming that thirty days had passed since she filed the request to revise and that the defendant had not responded. The trial court granted the plaintiff's motion for default and the plaintiff filed a certificate of closed pleadings and claimed the matter for a hearing in damages. Thereafter, the defendant filed a motion to strike the matter from the hearing in damages that was denied by the court, which held a hearing in damages and rendered judgment for the plaintiff. On appeal to this court, the defendant claimed that the trial court improperly denied his motion to strike the case from the hearing in damages because he timely filed an answer and four special defenses. Specifically, he claimed that the trial court, by denying his motion to strike, deprived him of the opportunity to contest liability that timely was put in issue by virtue of his answer and special defenses, which thereby denied him the right to due process. *Held* that the trial court was without authority to grant the motion for default against the defendant and, thus, should have granted his motion to strike the matter from the hearing in damages list: the defendant filed an answer and four special defenses, which the plaintiff did not ask him to revise, before the court granted the plaintiff's motion for default, and the plaintiff's claim that, under the applicable rule of practice (§ 10-6 [5]), the special defenses were part of the answer and, therefore, that the defendant was in default on the entire complaint for failing to revise eight of his special defenses and recoupment was unavailing, as § 10-6 (5) does not define a special defense as part of an answer and merely provides that when a defendant responds to a complaint, the answer and special defenses are to be filed at the same time in the order of pleadings, other rules of practice make clear that an answer and a special defense have legally distinct functions, and, in the order of pleadings, a plaintiff is required to file a reply to any special defense and no rule of practice requires a plaintiff to file any response to a defendant's answer; moreover, pursuant to the relevant statute (§ 52-119) and rule of practice (§ 10-18), which govern the penalty for failing to plead, a party failing to plead according to the rules may be nonsuited or defaulted, there is support for the proposition that a trial court commits plain error if, prior to rendering a judgment upon default, the court fails to accept for filing a defaulted party's pleading solely on the ground that the pleading was untimely, and our Supreme Court has expressed a policy to bring about a trial on the merits of a dispute whenever possible to secure a litigant's day in court.

Argued April 16—officially released September 18, 2018

*Procedural History*

Action to recover unpaid rent, and for other relief, brought to the Superior Court in the judicial district of Fairfield, where the matter was transferred to the Housing Session at Bridgeport; thereafter, the defendant was defaulted for failure to plead; subsequently, the trial court, *Rodriguez, J.,* denied the defendant's motion to strike the matter from the hearing in damages list; thereafter, the court, after a hearing in damages, rendered judgment in favor of the plaintiff, from which

the defendant appealed to this court. *Reversed; further proceedings.*

*Sabato P. Fiano*, with whom, on the brief, was *Carolyn A. Trotta*, for the appellant (defendant).

*Anthony Musto*, for the appellee (plaintiff).

*Opinion*

LAVINE, J. In this housing court matter, the defendant, Douglas Housman, appeals from the judgment of the trial court rendered in favor of the plaintiff, Richelle Kaye, following a hearing in damages. On appeal, the defendant claims that the trial court (1) improperly held a hearing in damages in view of his operative answer and four special defenses and (2) denied him the right to due process because the court did not adjudicate fully his timely filed answer and four special defenses.[1] We reverse the judgment of the trial court.

The record reveals the following procedural history. In April, 2016, the plaintiff served the defendant with a four count complaint alleging breach of contract, anticipatory breach of contract, quantum meruit, and unjust enrichment. The plaintiff alleged in part that she is the owner of property at 100 Stone Ridge Way in Fairfield and that she had leased the premises to the defendant pursuant to a written agreement from August 1, 2012 through July 31, 2016. She also alleged that the defendant was to pay her rent of $3400 per month, but he failed to pay rent for the months of August, 2015 through April, 2016. The plaintiff evicted the defendant from the premises. The plaintiff further alleged that she incurred expenses related to the eviction and will continue to incur expenses as a result of the defendant's default.

The complaint was returnable to court on May 24, 2016. Counsel for the defendant filed an appearance on the return day. On June 24, 2016, the plaintiff filed a motion for default for failure to plead. On July 5, 2016, the court, *Bellis*, *J.*, transferred the case from the Fairfield civil docket to the Bridgeport housing docket. On July 22, 2015, the plaintiff filed a second motion for default for failure to plead claiming that more than thirty days had passed since the complaint was filed and the defendant had not filed a responsive pleading. On August 18, 2016, the defendant filed an answer, *twelve* special defenses and right of recoupment. On August 22, 2016, the plaintiff filed a request to revise asking the defendant to revise *eight* of his special defenses and right of recoupment. On September 22, 2016, the plaintiff filed a motion for default claiming that thirty days had passed since she filed a request to revise and that the defendant had not responded.[2] On October 3, 2014, the court, *Rodriguez*, *J.*, granted the motion for default for failure to plead. On October 25, 2016, the plaintiff filed a certificate of closed pleadings and claimed the matter for a hearing in damages.

On November 17, 2016, the defendant filed a motion to set aside the default.[3] On that same day, the defendant also filed a request to amend his special defenses, and revised and amended special defenses and recoupment. On November 23, 2016, the plaintiff filed objections to

the defendant's request to amend and his motion to open the default. She also filed a motion for a continuance to enable the court to rule on the defendant's pending motion to open the default. Judge Rodriguez granted the plaintiff's request for a continuance on November 28, 2016. On December 29, 2016, the court denied the defendant's motion to open the default and sustained the plaintiff's objection.

On January 4, 2017, the plaintiff filed a motion for continuance because her counsel was unavailable until February 10, 2017. The court granted the motion for continuance. On January 31, 2017, the defendant filed a motion to strike the matter from the hearing in damages list. In the motion to strike, the defendant represented that he had filed an answer, twelve special defenses, and right of recoupment on August 18, 2016, and that the plaintiff had filed requests to revise eight of his special defenses and right of recoupment. The defendant specifically pointed out that the plaintiff had not filed a request to revise the answer or his first, second, tenth or twelfth special defenses. He argued that the default affected only the eight special defenses and right of recoupment which he did not revise. In support of his motion to strike, the defendant cited *Connecticut Light & Power Co.* v. *St. John*, 80 Conn. App. 767, 837 A.2d 841 (2004), noting that the entry of a default was improper with respect to the complaint because "[t]he court had *no authority* to default the defendants for failure to plead on a complaint that they had properly answered." (Emphasis added.) Id., 775.

The plaintiff filed an objection to the motion to strike on February 2, 2017, and attempted to distinguish *Connecticut Light & Power Co.* procedurally because the request to revise in that case was directed to a counterclaim, not special defenses, which are part of an answer. The plaintiff, however, stated that if the court agreed with the defendant's argument pursuant to *Connecticut Light & Power Co.*, it should nonetheless find the defendant in default on those portions of his answer that he did not revise.

The parties appeared in court on February 15, 2017. The court heard argument on the defendant's motion to strike the case from the hearing in damages list. The court denied the motion to strike, held a hearing in damages, and rendered judgment in favor of the plaintiff in the amount of $43,696.30.

The defendant appealed and filed a motion for articulation. See Practice Book § 66-5. The defendant asked the court to articulate the reason it denied his motion to strike the case from the hearing in damages list. The trial court denied the motion for articulation, and the defendant filed a motion for review in this court. See Practice Book § 66-7. This court granted the motion for review, but denied the relief requested.

On appeal, the defendant claims that the court improperly denied his motion to strike the case from the hearing in damages list because he timely filed an answer and his first, second, tenth, and twelfth special defenses.[4] The defendant claims that the court, by denying his motion to strike, deprived him of the opportunity to contest liability that timely was put in issue by virtue of his answer and special defenses. The defendant also argues that Practice Book § 10-37 (a) contains no provision for granting a default or nonsuit for failure to comply with a request to revise.[5]

The plaintiff counters the defendant's claim on the basis of Practice Book § 10-6 (5), arguing that special defenses are part of an answer and therefore the defendant was in default on the entire complaint for failing to revise eight of his special defenses and recoupment. She also argues that the defendant's motion to strike merely was a second bite at the apple after the court denied the defendant's motion to set aside the default. In his reply brief, the defendant disagrees that he was seeking a second bite at the apple. He states that the relief he was seeking from his motion to set aside the default was resurrection of eight of his special defenses. The relief he sought in his motion to strike the case from the hearing in damages list was a trial on the merits of the case in view of his answer and four special defenses that the plaintiff did not request that he revise.

Our statutes and rules of practice provide penalties for failing to comply with the timely pleading requirements of Practice Book § 10-8. "General Statutes § 52-119 provides that [p]arties failing to plead according to the rules and orders of the court *may* be . . . defaulted . . . . Section 10-18 of our rules of practice essentially mirrors that language. We read the plain and unambiguous language of both § 52-119 and Practice Book § 10-18 as empowering the court with the discretionary authority to impose a default as a penalty whenever a defendant has failed to comply with our rules regarding pleadings, including the timely advancement of such pleadings. Such authority is in accord with the court's broad, general authority to act to maintain the orderly procedure of the court docket, and to prevent any interference with the fair administration of justice." (Emphasis added; internal quotation marks omitted.) *People's United Bank* v. *Bok*, 143 Conn. App. 263, 268, 70 A.3d 1074 (2013).

"A default is an interlocutory ruling that establishes that a plaintiff is entitled to judgment, but requires further proceedings to determine the amount of money due to the plaintiff if the action is one for monetary damages." *CAS Construction Co.* v. *Dainty Rubbish Service, Inc.*, 60 Conn. App. 294, 299, 759 A.2d 555 (2000), cert. denied, 255 Conn. 928, 767 A.2d 101 (2001). "[A] default admits the material facts that constitute a cause of action . . . and entry of a default, *when*

*appropriately made,* conclusively determines the liability of a defendant." (Emphasis in original; internal quotation marks omitted.) *Connecticut Light & Power Co.* v. *St. John,* supra, 80 Conn. App. 775.

The parties' positions with respect to what constitutes an answer require us to construe the relevant rules of practice. "We interpret provisions of the Practice Book according to the same well settled principles of construction that we apply to the General Statutes. . . . In determining the meaning of a statute, [it] must be considered as a whole, with a view toward reconciling its separate parts in order to render a reasonable overall interpretation." (Citations omitted; internal quotation marks omitted.) *Wilson* v. *Troxler,* 91 Conn. App. 864, 871, 883 A.2d 18, cert. denied, 276 Conn. 928, 929, 889 A.2d 819, 820 (2005). "Statutory construction . . . presents a question of law over which our review is plenary." (Internal quotation marks omitted.) *Byars* v. *FedEx Ground Package System, Inc.*, 101 Conn. App. 44, 48, 920 A.2d 352 (2007).

The rules of practice regarding pleading are found in Chapter 10 of the Practice Book. Practice Book § 10-8, titled "Time to Plead," provides in relevant part: "Commencing on the return day of the writ, summons and complaint in civil actions, pleadings . . . shall advance within thirty days from the return day, and any subsequent pleadings . . . shall advance at least one step within each successive period of thirty days from the preceding pleading . . . ." The steps referred to in § 10-8 are set forth in Practice Book § 10-6, titled "Pleadings Allowed and Their Order," which provides in relevant part: "The order of pleading shall be as follows:

"(1) The plaintiff's complaint.

"(2) The defendant's motion to dismiss the complaint.

"(3) The defendant's request to revise the complaint.

"(4) The defendant's motion to strike the complaint.

"(5) The defendant's answer (including any special defenses) to the complaint.

"(6) The plaintiff's request to revise the defendant's answer.

"(7) The plaintiff's motion to strike the defendant's answer.

"(8) The plaintiff's reply to any special defenses."

The plaintiff relies on the language of Practice Book § 10-6 (5) to support her contention that special defenses are defined as part of an answer. We do not construe § 10-6 (5) as defining a special defense as part of an answer. Section 10-6 (5) does no more than state that when a defendant responds to a complaint, the answer and special defenses are to be filed at the same time in the order of pleadings.[6] An answer and a special defense have legally distinct functions as other rules

of practice make clear.

Practice Book § 10-46 titled "The Answer; General and Special Denial," prescribes the manner in which a defendant shall answer the allegations of a complaint and provides in relevant part: "The defendant in an answer shall specially deny such allegations of the complaint as the defendant intends to controvert, admitting the truth of the other allegations . . . ."

Practice Book § 10-50 defines the purpose of a special defense. That section, titled, "Denials; Special Defenses," provides in relevant part: "No facts may be proved under either a general or special denial except such as show that the plaintiff's statement of facts are untrue. Facts which are consistent with such statements but show, notwithstanding, that the plaintiff has no cause of action, must be specially alleged." Practice Book § 10-50. "Where several matters of defense are pleaded, each must refer to the cause of action which it is intended to answer, and be separately stated and designated as a separate defense . . . . Where the complaint or counterclaim is for more than one cause of action, set forth in several counts, each separate matter of defense should be preceded by a designation of the cause of action which it is designed to meet . . . ." Practice Book § 10-51. Section 10-50 highlights the interrelationship between a cause of action and a special defense. In that regard, it is important to point out that a plaintiff bears the burden of proof on his or her complaint; see *Rivera* v. *Meriden*, 72 Conn. App. 766, 772, 806 A.2d 585 (2002); and the defendant bears the burden of proof on his or her special defense(s). See *Lumbermens Mutual Casualty Co.* v. *Scully*, 3 Conn. App. 240, 245 n.5, 486 A.2d 1141 (1985).

The final step in the order of pleadings requires a plaintiff to file a reply to any special defense. See Practice Book § 10-6 (8). No rule of practice requires the plaintiff to file any response to the defendant's answer.

Our courts repeatedly have pointed out the purpose of a special defense. "The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action." (Internal quotation marks omitted.) *U.S. Bank National Assn.* v. *Blowers*, 177 Conn. App. 622, 631, 172 A.3d 837 (2017), cert. granted on other grounds, 328 Conn. 904, 177 A.3d 1160 (2018); accord *Danbury* v. *Dana Investment Corp.*, 249 Conn. 1, 17, 730 A.2d 1128 (1999) (purpose of special defense); *Grant* v. *Bassman*, 221 Conn. 465, 472–73, 604 A.2d 814 (1992) (same); see also *Coughlin* v. *Anderson*, 270 Conn. 487, 501, 853 A.2d 460 (2004); *Moran* v. *Morneau*, 100 Conn. App. 169, 173, 917 A.2d 1003 (2007), cert. denied, 289 Conn. 953, 961 A.2d 420 (2008).

In the present case, the defendant claims that he timely filed an answer and four special defenses, which

the plaintiff did not ask him to revise, and, therefore, the default entered by the court on the plaintiff's complaint was improper. In support of his claim, the defendant relies on *Connecticut Light & Power Co.* v. *St. John*, supra, 80 Conn. App. 767. In *Connecticut Light & Power Co.*, "this court concluded that a trial court was required to set aside a default judgment as a matter of law when the default had been rendered improperly." *People's United Bank* v. *Bok*, supra, 143 Conn. App. 269–70.

In *Connecticut Light & Power Co.*, after the defendants had filed answers and counterclaims in response to the plaintiff's complaint, the plaintiff filed a request to revise the defendants' counterclaim. *Connecticut Light & Power Co.* v. *St. John*, supra, 80 Conn. App. 769–70. Thereafter the plaintiff filed a motion for default for failure to plead when the defendants did not respond to its request to revise the counterclaim. Id., 770. The clerk of the court granted the motion, defaulting the defendants on both the complaint and their counterclaim. Id., 770, 773. The defendants filed a motion to open the default, but the trial court denied it. Id., 770. When this court reversed the trial court's denial of the defendant's motion to open the default judgment on the plaintiff's complaint, it concluded that the entry of default by the clerk was improper with respect to the plaintiff's complaint because "[t]he court had no authority to default the defendants for failure to plead on a complaint that they had properly answered." Id., 775.

The plaintiff rejects the teaching of *Connecticut Light & Power Co.* and contends that *Connecticut National Bank* v. *Marland*, 45 Conn. App. 354, 696 A.2d 374, cert. denied, 243 Conn. 907, 701 A.2d 328 (1997), is squarely on point with the procedural posture of the present case. We do not agree. Although this court agreed that the trial court in *Connecticut National Bank* properly nonsuited the defendant on his special defenses and counterclaim, it did not conclude that the defendant was in in default on his answer. The defendant in *Connecticut National Bank* filed a motion to strike the case from the trial list, which the trial court denied and this court affirmed. The important distinction between *Connecticut National Bank* and the present case is that in *Connecticut National Bank* the defendant had filed a timely answer, but was nonsuited for failure to revise his special defenses and counterclaim. Id., 354. Because the defendant was not defaulted, the case was claimed to the *trial list*, not the hearing in damages list. In the present case, the defendant, despite having filed a timely answer and four special defenses, was defaulted and his liability was conclusively determined. See *Connecticut Light & Power Co.* v. *St. John*, supra, 80 Conn. App. 775. The case was placed on the hearing in damages list where only the amount of money the defendant allegedly owed the plaintiff was to be decided. In fact, a close reading

of *Connecticut National Bank* demonstrates support for the defendant's position that the court improperly denied his motion to strike the case from the hearing in damages list and thus denied him the opportunity to contest liability.

Regardless of whether special defenses are an intricate part of an answer, this case turns not on the technical definitions of an answer but on what the sound principles of procedure require. At various times in the trial court and on appeal, each of the parties suggested an alternative to the defendant's default, i.e., that the defendant should not be permitted to rely on the special defenses that he did not revise, but that the case proceed to trial on his answer and four remaining special defenses. There is legal precedent for such a solution. See *McCarthy* v. *Thames Dyeing & Bleaching Co.*, 130 Conn. 652, 36 A.2d 739 (1944). In *McCarthy*, the plaintiff was nonsuited on "the ground that [he] had failed to comply in certain respects with an order for a more specific statement." Id., 653. In his complaint, the plaintiff alleged, among other things, that he had lent the plaintiff, his employer, many thousands of dollars for materials, wages, and other things in order to continue operations. Id. "The defendant made a motion for a more particular statement as to the items [the plaintiff had paid for], which was granted in part." Id. The plaintiff filed "a bill of particulars"; id.; that complied in part with the court's order. Because the plaintiff failed to file a specific statement as to certain items as required by the court, he was nonsuited. Id.

Our Supreme Court stated that "[o]n the face of the record, the situation is that, because the plaintiff has failed to file a specific statement as to certain general claims in his complaint, and has not fully complied with the order for the more specific statement as to another general claim, his action is thrown out of court, although he as well pleaded claimed items of indebtedness by the defendant amounting to almost $7000. The mere statement of this proposition is enough to suggest that the action of the trial court was wrong. It is axiomatic in modern pleading that, because a plaintiff cannot substantiate a separable part of the claim in his complaint, he is not to be barred of recovery as regards that portion of it he can establish. Where the failure to file a bill of particulars as ordered goes to the entire cause of action, a judgment of nonsuit may be proper. . . . Even when the failure to file the bill goes only to a part of the cause of action, it may be that the circumstances would justify such an order. . . . In the situation before us, the proper remedy of the defendant was not a motion for a nonsuit but one to expunge from the complaint the general allegations as to which specific statements as ordered by the court were not filed, or objection at the trial to any evidence offered in support of those allegations." (Citations omitted.) Id., 653–54.

Our Supreme Court noted that the General Statutes and rules of practice "provide only that, where a party fails to comply with a rule or order of the court as to pleadings, the court 'may' grant a nonsuit; they do not require that one be granted where to do so would run counter to sound principles of procedure." Id., 654. Although *McCarthy* was decided approximately seventy years ago, the present day statute and rule governing the penalty for failing to plead state that a party failing to plead according to the rules "*may* be nonsuited or defaulted, as the case may be." (Emphasis added.) General Statutes § 52-119; Practice Book § 10-18.

In the present case, the defendant filed an answer and four special defenses, which the plaintiff did not ask him to revise, before the court granted the plaintiff's motion for default. "[T]here is . . . support for the proposition that a court commits plain error if, prior to rendering a judgment upon default, the court fails to accept for filing a defaulted party's pleading solely on the ground that the pleading is untimely. . . . General Statutes § 52-121 (a) provides in relevant part: Any pleading in any civil action may be filed after the expiration of the time fixed by statute or by any rule of the court until the court has heard any motion for judgment by default . . . for failure to plead which has been filed in writing with the court in which the action is pending." (Internal quotation marks omitted.) *People's United Bank* v. *Bok*, supra, 143 Conn. App. 268. "Moreover, '[o]ur Supreme Court has expressed a policy to bring about a trial on the merits of a dispute whenever possible to secure for the litigant his day in court.'" Id., quoting *Connecticut Light & Power Co.* v. *St. John*, supra, 80 Conn. App. 775. The court, therefore, was without authority to grant the motion for default against the defendant and, thus, should have granted his motion to strike the matter from the hearing in damages list.

The judgment is reversed and the case is remanded for further proceedings according to law.

In this opinion the other judges concurred.

[1] Because we conclude that it was improper for the trial court to deny the defendant's motion to strike the case from the hearing in damages list, we do not reach his due process claim.

[2] The defendant did not object to the plaintiff's requests to revise or otherwise timely respond to the plaintiff's request to revise.

[3] In the motion to set aside the default, counsel for the defendant represented that he had made diligent efforts to communicate with the defendant in order to obtain information needed to respond to the plaintiff's request to revise. He argued that the case was in its "infancy," discovery had not yet been conducted, and that the plaintiff would not be prejudiced by setting aside the default.

[4] The defendant's relevant special defenses alleged:

"First special defense: plaintiff's action is barred, in whole or in part, in that the plaintiff, as landlord, failed to deliver to the defendant tenant a habitable and safe premises in accordance with the lease and Connecticut law;

"Second special defense: plaintiff's action is barred, in whole or in part, in that the plaintiff unlawfully interfered with the defendant's tenancy by unlawfully entering the premises without permission or notice in violation

of [General Statutes §§] 47a-16 and 47a-18a. . . .

"Tenth special defense: The plaintiff's action is barred, in whole or in part, by virtue of payment. . . .

"Twelfth special defense: plaintiff['s] action is barred, in whole or in part, by virtue of plaintiff['s] failure to mitigate [her] damages."

[5] Practice Book § 10-37 (a) provides in relevant part: "Any such request . . . shall be filed with the clerk of the court . . . and such request shall be deemed to have been automatically granted by the judicial authority on the date of filing . . . unless within thirty days of such filing the party to whom it is directed shall file objection thereto."

[6] A defendant, however, may file a request to amend and add special defenses pursuant Practice Book § 10-60.

―――――――――――――――――